Ex parte Carlinuse[1] DAVIS.

No. 51296.

Court of Criminal Appeals of Texas.

Feb. 18, 1976.

Ray J. McQuary, Rosharon, for appellant.

Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is a habeas corpus proceeding brought under the provisions of Article 11.-07, Vernon's Ann.C.C.P., wherein the convicting court denied relief.

The question presented appears to be one of first impression. May a judgment granting probation be made cumulative of two concurrent prison sentences so that the term of probation would not commence until the prison terms assessed have been discharged where the cumulation order is found only in the separate order granting probation?

The trial court's findings reflect that on February 2, 1973, the petitioner waived the requirement of an indictment in three cases and entered guilty pleas before the court to three felony informations charging him with burglary with intent to commit theft. The court assessed punishment in two cases at confinement for ten (10) years in the Department of Corrections to run concurrently. In the third case,[2] the court as-

---

1. The trial court records refer to the petitioner's first name as "Carlinuse," whereas in other parts of the record it is spelled "Carlenuse."

2. While the trial court's findings reflect that all three guilty pleas were entered on February 2, 1973, the judgment in the third case in which probation was granted reflects it was heard on March 21, 1973, the same date the sentences were imposed in the first two cases. Needless to say, the record is not developed as well as it might have been.

sessed the punishment at five (5) years in the Department of Corrections, but suspended the imposition of the sentence and placed the petitioner on probation subject to certain probationary conditions.

It is appellant's position that the trial court was without authority to cumulate the judgment granting probation as it did and thus delay the commencement of probation. He argues that the judgment of probation should run concurrently with the other two sentences or otherwise the term of probation will extend beyond the ten year limitation imposed by the Adult Probation Law (Article 42.12, Vernon's Ann.C.C.P.).

In addition to Article 42.12, supra, consideration must be given to Article 42.08, Vernon's Ann.C.C.P. (Cumulative or Concurrent Sentence), which reads:

> "When the same defendant has been convicted in two or more cases, and the punishment assessed in each case is confinement in an institution operated by the Department of Corrections or the jail for a term of imprisonment, judgment and sentence shall be pronounced in each case in the same manner as if there had been but one conviction, except that in the discretion of the court, the judgment in the second and subsequent convictions may either be that the punishment shall begin when the judgment and sentence in the preceding conviction has ceased to operate, or that the punishment shall run concurrently with the other case or cases, and sentence and execution shall be accordingly."

This statute has long been a part of our various Codes of Criminal Procedure and has been brought forward almost unchanged in language.

■ Appellant argues that Article 42.08, supra, providing for the cumulation of punishment, is not applicable since it applies only in cases where the punishment assessed is confinement in an institution operated by the Department of Corrections or in a jail, and thus it is not applicable to cases where probation has been granted. We cannot agree. Although probation was granted in the burglary case in question, the judgment entered actually assessed the punishment at confinement in the Department of Corrections.

If it can be argued that Article 42.08, supra, is not applicable because no sentence was entered, we note the very wording of the statute speaks of cumulation order being in "the judgment in the second and subsequent convictions . . . ." In *Ex parte Crawford,* 36 Tex.Cr.R. 180, 36 S.W. 92 (1896), this court held that where the cumulation order was attached to and made a part of the sentence rather than the judgment proper the cumulation order was not void; that the sentence is in fact the final judgment in the case; and that while a cumulative punishment order could be placed in both the judgment and sentence, there is no necessity why this should be so, and a cumulation order in the sentence is proper. While the latter practice has been consistently followed and cumulation orders are normally found in the body of the formal sentence, we are not here presented with a question of whether a cumulation order is effective if found only in a judgment granting probation, but whether the cumulation order is effective where found *only* in the separate and distinct order granting probation.

■■ In light of the provisions of Article 42.08, supra, we hold that a cumulation order found only in the separate order granting probation is not effective. Thus, we need not reach the far more complicated question of whether a trial court can cumulate a judgment granting probation with prior sentences under our procedure where a proper cumulation order is found in the judgment, there being no sentence in probation cases because the imposition of the sentence is suspended. See Article 42.-12, Vernon's Ann.C.C.P; *Anderson v. State,* 421 S.W.2d 667 (Tex.Cr.App.1967). Likewise, we need not determine whether there are sufficient recitals in the cumulation order to render it valid.

Since the cumulation order is not effective, the term of probation began to run on

March 21, 1973, and to run concurrently with the outstanding sentences.

The relief prayed for is granted.

ROBERTS, J., concurs in the result.