David GREEN, Appellant,

v.

The STATE of Texas, Appellee.

No. 351–85.

Court of Criminal Appeals of Texas, En Banc.

March 19, 1986.

William V. Vance, Bryan, for appellant.

Bill R. Turner, Dist. Atty., and Todd Jermstad, Asst. Dist. Atty., Bryan, Robert Huttash, State's Atty., Austin, for the State.

OPINION ON APPELLANT'S PETITION
FOR DISCRETIONARY REVIEW

CAMPBELL, Judge.

Appellant was convicted by a jury in Cause No. 15,074 of aggravated assault. On July 10, 1984, the trial court assessed punishment at ten years confinement in the Texas Department of Corrections but suspended the imposition of the sentence and placed appellant on probation for ten years. The trial court also ordered the judgment granting probation cumulated with appellant's conviction in Cause No. 6975, wherein appellant was convicted of possession of marihuana and sentenced to eight years confinement in the Texas Department of Corrections.[1] The Waco Court of Appeals affirmed the conviction in an unpublished opinion. *Green v. State*, No. 10–84–142–CR (Tex.App.—Waco 3/3/85). We granted appellant's petition for discretionary review to determine whether the trial court could cumulate the judgment granting probation in Cause No. 15,704 with the prior sentence of confinement in the Texas Department of Corrections in Cause No. 6975. We find that it could not and will reverse the court of appeals.

Appellant, while watching an argument in the parking lot of a bar, struck Barney Blair in the face. Blair was hospitalized and eventually placed in a rest home as a result of extensive head injuries. After appellant was convicted of aggravated assault, the trial court, in an attempt to provide financial help for the victim's wife, placed appellant on probation for ten years, included payment of $30,000 in restitution as a condition of probation, and cumulated the judgment granting probation with an eight year prison sentence that appellant was already serving in Cause No. 6975.[2]

---

1. The complete text of the trial court's judgment appears in Appendix A, infra, at pp. 658–660.

2. During formal sentencing, the trial court stated to appellant:

    "Mr. Green, the reason it has taken some time to dispose of your case so far as sentencing is because I have been trying to find a way to impose a sentence that would be fair to the State as well as do something for the woman that has suffered because of that unfortunate night. And I have finally found a way to do it. It is going to involve, as your lawyer explained to you, I am sure, a term of probation after your offense you are currently serving time [sic] ceases to be; and after you get out of prison, it will involve you making two hundred fifty dollar ($250.00) payments to that woman."

The Waco Court of Appeals overruled appellant's claim that the trial court "improperly cumulated" the judgment granting probation with the eight year prison sentence. The court of appeals held that the trial court properly exercised its discretion under Article 42.08, V.A.C.C.P. (1979).[3]

Appellant argues in his brief before this Court that Article 42.08, supra, only allows a trial court to cumulate sentences that include punishment by confinement in a prison or jail. He argues that an order granting probation is not punishment by confinement in a prison or jail; therefore, a judgment granting probation may not be cumulated with a prior prison or jail sentence. Appellant claims this is a case of first impression.

In its brief, the State responds that Article 42.08, supra, allows a trial court to cumulate a judgment granting probation, although a sentence was not *imposed*, so long as a sentence *assessed* confinement in a prison or jail, citing *Ex parte Davis*, 542 S.W.2d 117 (Tex.Cr.App.1976).

In *Davis*, supra, a petitioner was convicted for two offenses, and the trial court assessed punishment for each offense at ten years confinement in the Texas Department of Corrections and ordered those sentences to run concurrently. The petitioner was also convicted of a third offense by the same trial court and sentenced to five years confinement in the Texas Department of Corrections. However, the trial court suspended the sentence and placed petitioner on probation. The trial court, in the order granting probation, ordered the probationary period to commence when the prison terms in the first two cases had been discharged, thus "stacking" the judgment granting probation onto the two earlier sentences.

We held that the cumulation order was not effective because the order was "found only in the separate order granting probation." *Id.*, at 118. We did not decide "whether a trial court can cumulate a judgment granting probation with prior sentences under our procedure where a proper cumulation order is found in the judgment...." *Id.*

Initially, we note that our decision in *Davis*, supra, does not control the outcome of the instant case. In the instant case, the cumulation order was placed in a single document that contained *the judgment, the sentence, and the order granting probation*. This multipurpose document does not suffer the malady found in *Davis*, supra. Therefore, we can now reach the issue left undecided in *Davis*, supra: whether a trial court may cumulate a judgment granting probation with a prison term from a preceding conviction so that the probationary period would not commence until the judgment and sentence in the preceding conviction has ceased to operate.

Under Article 42.08, supra, if a defendant has been convicted "in two or more cases" and the "punishment assessed" includes prison or jail time, a rational construction of the statute leads one to believe that a trial court must mandatorily pronounce sentence "as if there had been one conviction." However, Article 42.08, supra, creates an exception to this requirement and affords the trial court the discretion to order the "punishment" in the "second and subsequent convictions" to begin

---

**3.** Cumulation or "stacking" of sentences by a trial court is controlled by Article 42.08, supra, which provides:

"When the same defendant has been convicted in two or more cases, and the punishment assessed in each case is confinement in an institution operated by the Department of Corrections or the jail for a term of imprisonment, judgment shall be pronounced in each case in the same manner as if there had been but one conviction except that in the discretion of the court, the judgment in the second and subsequent convictions may either be that

the punishment shall begin when the judgment and sentence in the preceding conviction has ceased to operate, or that the punishment shall run concurrently with the other case or cases, and sentence and execution shall be accordingly."

Article 42.08, supra, was amended by Acts 1985, 69 Leg., p. 93, ch. 29, § 1, effective September 1, 1985. See V.A.C.C.P., art. 42.08(a) (Supp.1986). However, Article 42.08, V.A.C.C.P. (1979) was in effect at the time of appellant's conviction and sentencing.

"when the judgment and sentence in the preceding conviction has ceased to operate" or to "run concurrently with the other case or cases." Thus, Article 42.08, supra, effectively grants a trial court the discretion to cumulate the "punishment" in a case when there is a prior conviction imposing prison or jail time, and this Court has so held. *Smith v. State*, 575 S.W.2d 41 (Tex. Cr.App.1979) (Article 42.08, supra, grants trial court "absolute discretion to cumulate sentences."); *Gordon v. State*, 575 S.W.2d 529, 535 (Tex.Cr.App.1979) (Opinion on State's Motion for Rehearing) ("The cumulation of sentences has been approved by this Court for eighty-two years.") and cases cited therein.[4] In the instant case, the trial court chose to cumulate the judgment granting probation, obviously considering the judgment granting probation to be "punishment" within the meaning of Article 42.08, supra. Therefore, our examination of Article 42.08, supra, must focus upon the statutory meaning of "punishment."

■ Although "punishment" is not specifically defined under Article 42.08, supra, the use of the term throughout the Code of Criminal Procedure, when compared with the use of the term "probation," indicates that the Legislature has not intended for "probation" to be subject to cumulation under Article 42.08, supra.[5] For example, Article 42.01, § 1(10), V.A.C.C.P., states:

"In the event of conviction where any probated punishment is assessed [the judgment should reflect] that the imposition of sentence is suspended and the defendant is placed on probation, setting forth the *punishment assessed*, the *length of probation*, and the *probationary terms and conditions*[.]"

By separating the contents of a judgment in this manner, the Legislature has clearly distinguished the "punishment" in a judgment from the "length of probation" and the "probationary terms and conditions." The portion of the judgment that assesses the punishment is one element of the judgment. The portion of the judgment that grants probation, orders a particular probationary period, and sets probationary terms and conditions is a separate element of the judgment suspending the sentence. Thus, probation is not included within the meaning of "punishment" that can be cumulated; it suspends "punishment."

■ The term "punishment" is also present throughout Article 42.12, V.A.C. C.P., dealing with the "Adult Probation Law." The Legislature carefully avoided defining "probation" as a type of "punishment" or "sentence." *Id.*, at 2(b). Instead, probation is "the release of a convicted defendant by a court under conditions imposed by the court for a specified period during which the imposition of *sentence* [or "punishment"] is suspended." *Id.* In this

**4.** Although *Smith,* supra, and *Gordon,* supra, use the term "sentence" instead of "punishment," both terms have been used interchangeably. This substitution of terms is even more understandable when one considers that the title accompanying Article 42.08, supra, is: "Cumulative or Concurrent *Sentence.*" See also, V.A.C.C.P., art. 42.08(b) (Supp.1986) ("If a defendant is *sentenced....*").

In *McCullar v. State*, 676 S.W.2d 587 (Tex.Cr. App.1984), this Court recently acknowledged the interchangeable interpretations of the terms "punishment" and "sentence" by using both terms in extracting the meaning of Article 42.08, supra:

"When *sentence* is imposed, it is within the discretion of the court whether to cumulate *sentences* or not. In the instant case, the trial court at most indicated when assessing *punishment* and granting probation that if the *sentences* were later to be imposed, they

would be concurrent. The trial court's statement that the *'punishments'* run concurrently, made after [the defendant] pled guilty, was superfluous since the imposition of *sentence* is suspended when probation is granted." (citations omitted) (emphasis in original removed)

**5.** Our examination of the meaning of the term "punishment" is limited to its use in Article 42.08, supra. We acknowledge that probation, substantively, is a type of punishment. See *Angelle v. State*, 571 S.W.2d 301, 303 (Tex.Cr.App. 1978) ("Probation, as well as incarceration, is a form of punishment."). See also *Nix v. United States*, 131 F.2d 857, 858 (5th Cir.1943), cert. den. 318 U.S. 771, 63 S.Ct. 761, 87 L.Ed. 1142 (Probation "is itself a form of mild 'punishment.'"). We also acknowledge that "punishment" may have a different meaning when used in the context of different portions of the Code of Criminal Procedure.

context, "punishment" refers to the maximum term of imprisonment that can be assessed for probation to remain a permissible alternative. *Id.*, at §§ 3, 3a, 3b. Again, by separating the terms, the Legislature has given "probation" and "punishment" separate statutory meanings in the limited context of "punishment" that may be cumulated. See also Arts. 37.07, 37.-10(b), 42.01(8)–(9), 42.02, V.A.C.C.P.

■ The exclusion of a judgment granting probation from "punishment" subject to cumulation under Article 42.08, supra, becomes even more logical when the use of the term "punishment" within Article 42.-08, supra, itself is examined. Article 42.08, supra, begins by requiring that the "punishment assessed" be prison or jail time before the discretion to cumulate is granted. Article 42.08, supra, concludes by granting the trial court the discretion to order the "punishment" in the second or subsequent conviction to begin when the preceding conviction has ceased to operate. Surely, the prison or jail time "punishment" referred to in the beginning of Article 42.08, supra, is the same type of "punishment" referred to at the end of Article 42.08, supra. Logically, then, the only "punishment" that a trial court can cumulate is punishment by confinement in the Texas Department of Corrections or a jail.

■ In the instant case, the trial court cumulated a judgment granting probation with a preceding eight year prison sentence. The judgment granting probation itself did not include any prison or jail time. Therefore, the trial court had no "punishment" to cumulate.

■ The State argues that this Court, despite the statutory differences in meaning between "probation" and "punishment," has nonetheless acknowledged the possibility that a judgment granting probation may be cumulated under Article 42.08, supra. Based on dicta in *Davis*, supra, the State argues that a trial court may cumulate a judgment granting probation so long as the punishment suspended by the grant of probation was confinement in the Texas Department of Corrections or a jail.

The defendant in *Davis*, supra at 118, faced with an identical argument, argued that a trial court could not cumulate a judgment granting probation because cumulation applies only to the punishment itself, if it is imposed. This Court responded:

"We cannot agree. Although probation was granted in the burglary case in question, the judgment entered actually assessed the punishment at confinement in the Department of Corrections." *Id.*

While this dicta initially seems to support the State's argument, after reversing on other grounds, we additionally held:

"Thus, we need not reach the far more complicated question of whether a trial court can cumulate a judgment granting probation with prior sentences under our procedure where a proper cumulation order is found in the judgment, *there being no sentence in probation cases because imposition of the sentence is suspended.*"

We believe that this dicta implies, at the very least, that a judgment granting probation can not be cumulated under Article 42.08, supra, because a judgment granting probation is not an imposed sentence. Support for this proposition is further found in *McCullar*, supra, at 588, where we held:

"*When sentence is imposed*, it is within the discretion of the court whether to cumulate sentences or not. Art. 42.08, V.A.C.C.P. ... Sentence is not imposed until probation is revoked in which case 'the court may proceed to dispose of the case as if there had been no probation.' Art. 42.12, § 8(a), V.A.C.C.P." (emphasis in original)

Although *McCullar*, supra, did not involve cumulation of a judgment granting probation, the holding strongly suggests that probation can not be cumulated because it is not an imposed sentence.

Based on the above, we find and hold that, in the instant case, no sentence was imposed for purposes of Article 42.08, supra, because probation was granted. And

we specifically hold that a judgment granting probation cannot be cumulated with a judgment that assesses a prison sentence or jail term. Therefore, we find that the trial court was not authorized to cumulate appellant's judgment granting probation in Cause No. 15,074 with the eight year prison term in Cause No. 6975.

We reverse the judgment of the Court of Appeals; we hold that the trial court's cumulation order was ineffective and remand this cause to that court for action not inconsistent with this opinion. Therefore, the judgment granting probation in Cause No. 15,704 began to run on July 10, 1984, concurrent with the outstanding sentence in Cause No. 6975.[6]

ONION, P.J., concurs.

### APPENDIX A

### PLEA OF NOT GUILTY—COURT ASSESSES PROBATION

THE STATE OF TEXAS

VS.

DAVID GREEN

NO. 15,074

IN THE DISTRICT COURT OF BRAZOS COUNTY, TEXAS

272ND JUDICIAL DISTRICT

July 13, 1984

### JUDGMENT AND SENTENCE

The Defendant having been indicted in the above entitled and numbered cause for the felony offense of Aggravated Assault and this cause being this date called for trial, the State appeared by its Assistant/District Attorney, Rodney Boyles, and the Defendant, David Green, appeared in person and by counsel, Henry C. Paine, Jr.,

and both parties announced ready for trial. The Defendant was arraigned and, in open court, plead not guilty to the charge contained in the indictment. Thereupon a jury composed of David B. Cameron and eleven others was selected, impaneled, and sworn, who, having heard the indictment read, the Defendant's plea of not guilty thereto, and having heard the evidence submitted, and having been duly charged by the Court, and having heard the arguments of counsel, retired in charge of the proper officer to consider their verdict as to the guilt or innocence of the Defendant, and afterward on May 1, 1984, were brought into open court by the proper officer, the Defendant and the Defendant's counsel being present, and in due form of law returned the following verdict, which was received by the Court, and is here now entered upon the minutes of the Court:

We, the jury, find the defendant, David Green, guilty of Aggravated Assault as charged in the indictment.

And on the 10 day of July, 1984, this cause being again called, the State appeared by her Assistant/District Attorney, Rodney Boyles, the Defendant, David Green, appeared in open court, his counsel, Henry C. Paine, Jr., also being present and the Defendant having requested that the Court assess punishment, the Court proceeded to hear all the evidence in the matter of punishment and after having heard the arguments of counsel, is of the opinion and so finds that the punishment of the said Defendant, David Green, should be fixed by confinement in the Texas Department of Corrections for a period of ten (10) years, and the said David Green having in the 155th District Court of Fayette County, Texas, in criminal Cause no. 6975 been duly and legally convicted of the offense of Delivery of Marihuana and his punishment

---

6. We note that the terms and conditions of probation may now create some difficulties in terms of enforcement in that the judgment granting probation is to run concurrently. See Appendix A, infra, at p. 659. However, appellant, in his ground of review, did not request that this Court review the enforceability of those conditions, and we decline to do so at this time. Of course, the trial court is free to alter the terms and conditions of probation so that they more accurately reflect a judgment granting probation that is running concurrently. See Art. 42.12, § 6(a), supra.

therefore having been assessed and adjudged at confinement in the penitentiary for eight (8) years, and he having on the 3rd day of November, 1983, by said court been sentenced in accordance with said conviction, it is further ordered and adjudged that the punishment herein adjudged against the said defendant, David Green shall begin when the judgment and sentence in said Cause no. 6975 shall have ceased to operate and that the imposition of the penitentiary sentence in this cause should be suspended and the Defendant placed on probation for a period of ten (10) years;

It is therefore ORDERED and ADJUDGED by the Court that the Defendant,

David Green, is guilty of the offense of Aggravated Assault, committed on September 1, 1983, and that punishment be fixed as determined by the Court, that is by confinement in the Texas Department of Corrections for a period of ten (10) years and that this imposition of sentence in this cause be suspended for a period of ten (10) years and the Defendant is ORDERED placed on probation under the supervision of the Court and the duly appointed and acting Adult Probation Officer of Brazos County, Texas, and subject to the attached Exhibit specifying the conditions of probation to-wit: that during the term of probation, the Defendant shall:

NO. 15,074

| THE STATE OF TEXAS | X | IN THE DISTRICT COURT OF |
| VS | X | 272nd JUDICIAL DISTRICT |
| DAVID GREEN | X | BRAZOS COUNTY, TEXAS |

## CONDITIONS OF PROBATION

In accordance with the authority conferred by the Adult Probation and Parole law of the State of Texas, you have been placed on probation on this 10th day of July , 19 84 , for a period of ten years for the offense of aggravated assault

by the Honorable John M. Delaney , Judge, 272nd Judicial District Court, Brazos County, Texas.

It is the Order of the Court that you comply with the following conditions of probation in that you shall during the period of probation:

(a) Commit no offense against the laws of this State or any other State or of the United States or of any governmental entity; further, you are to report to your Probation Officer within 48 hours if arrested or questioned by a law enforcement officer;

(b) Avoid injurious and vicious habits, refrain from using alcoholic beverages to excess, and abstain from the use of any harmful substance, narcotic drug or other controlled substance in any form, except as prescribed by a licensed physician for legitimate medical purposes.

Conditions (c) Avoid persons and places of harmful and disreputable character, including but not limited to, knowingly or voluntarily associating with any person
of previously convicted of a crime or being present at any location where a criminal act is being committed;
Probation
7-12/84 (d) Report to the Probation Officer at the Brazos County Adult Probation Department as directed by the Court and your Probation Officer, at least once each calendar month, beginning immediately and continuing until you are discharged from probation, and obey all rules and regulations of the Probation Department;

(e) Permit your Probation Officer to visit you at your home or elsewhere;

(f) Work faithfully at suitable employment and notify your Probation Officer within 48 hours of any change in said employment;

(g) Remain within Brazos/ County, Texas, unless you have first secured the written consent of the Court to leave the County;

(h) Support your dependents that you now have or that you may acquire during the term of this probation;

(i) Report the sources and amounts of all income or money received and all debts and expenditures to your Probation Officer as directed;

(j) Report to your Probation Officer any change of address or marital status within 48 hours;

(k) Do not enter into any agreement to act as "informer" or special agent for any law enforcement agency;

(l) Freely cooperate and voluntarily submit to medical and/or chemical tests and examinations for the purpose of determining whether or not you are using or are under the influence of alcohol, narcotic drugs, marijuana, or any other controlled substance;

(m) Pay $ 15.00 to the Brazos County Adult Probation Department for the Brazos County Criminal Justice Planning Fund within 30 days of the commencement of this period of probation;

(n) Pay to the Brazos County Adult Probation Department a probation fee of $ 15.00 per month every month of the probationary period between the first and tenth day of the month beginning in the month next following commencement of this period of probation;

And furthermore, during the term of probation you shall strictly follow and observe the following marked terms and conditions:

X (o) Pay to the Clerk of the Court, Court Costs in the sum of $ 99.00 and a Fine of $ -0- within 90 days of the commencement of this period of probation;

___(p) Pay to the Clerk of the Court $ ___ reimbursement for attorney's fees paid Probationer's appointed counsel in equal monthly installments of $ ___ each, between the first and tenth day of every month, beginning in the month next following entry of this Order and continuing until such reimbursement is paid in full;

X (q) Pay $ 30,000.00 restitution to the Brazos County Adult Probation Department, in equal monthly installments of $ 250.00 each, ~~XXXXXX~~ ~~XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX~~ ~~XXXXX~~ on the first day of each calendar month, commencing with the first month following 90 days after your release from the Texas Department of Corrections;

____(r) Observe a curfew and be home each night before _____ or within 30 minutes of the end of night employment, whichever is later;

____(s) Abstain from the use of alcoholic beverages in any form and do not go upon any premises where alcoholic beverages are served;

____(t) Participate in the Probation Orientation Program to be held at 7:00 PM on _____ in the District Courtroom;

____(u) Participate in all sessions of Driving While Intoxicated classes to be held at 7:00 PM on four consecutive Wednesdays in the Brazos County Court at Law courtroom, beginning the _____ day of _____, 19____;

____(v) Report to the Sheriff's Office of Brazos County to serve _____ days in the Brazos County Jail as follows:

X (y) Within one week following your release from the Texas Department of Corrections, you are to contact the Brazos County Adult Probation Department for the purpose of receiving instructions on how the restitution is to be paid.

Signed this _10__ day of __July____, 19_84_.

PRESIDING JUDGE
272nd JUDICIAL DISTRICT
BRAZOS COUNTY, TEXAS

I acknowledge receipt from the Clerk of a copy of my conditions of probation.

Dated ____July 10, 1984____

PROBATIONER David Crein

FILED
At 3:10 o'clock P M
JUL 12 1984
W. D. BURLEY DIST. CLERK
Brazos County Texas

I acknowledge that a Probation Officer of Brazos County and the Courts has explained the conditions of my probation, and I understand them.

Dated ____July 10, 1984____

PROBATIONER David Crein