Ex parte Barry Alan APPLEWHITE.

No. 69720.

Court of Criminal Appeals of Texas, En Banc.

March 5, 1987.

Barry Alan Applewhite, pro se.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

PER CURIAM.

This is a postconviction application for writ of habeas corpus brought pursuant to Art. 11.07, V.A.C.C.P.

In a single proceeding, without benefit of a plea agreement as to recommended punishment, applicant pled guilty and judicially confessed to six felony offenses. In one cause number, F84–167–MH, applicant was convicted of aggravated sexual assault and punishment assessed by the court at a term of 18 years. In another, F84–197–MH, he was convicted of aggravated assault and given a 10 year sentence. In three of the remaining four cause numbers, F–84–168–MH, F–84–196–MH and F–85–027–H, applicant was convicted of burglary of a habitation and was sentenced to a term of 45 years confinement. Finally, however, in cause number F–84–195–MH, also involving burglary of a habitation, the trial court "defer[red] further proceedings without entering an adjudication of guilt, and place[d applicant] on probation" for a period of 10 years, pursuant to Art. 42.12, Sec. 3d(a), V.A.C.C.P.

We filed and set this application specifically to determine whether a condition of the deferred adjudication probation in cause number F–84–195–MH "effectively cumulates" punishment and probation, in violation of *Green v. State,* 706 S.W.2d 653 (Tex.Cr.App.1986). We hold it did not, and thus deny relief.

Applicant was a minister and an author of books "on religious topics." Evidence admitted in support of his pleas shows generally that during 1984 applicant entered a number of homes in Plano, typically on Monday mornings, and sexually molested female residents therein. Applicant presented testimony from a clinical psychologist to the effect that he was suffering from a variety of sexual disorder that is responsive to treatment. Also testifying was the Intake Director for Alpha Human Services, "a community based residential treatment program" for sex offenders licensed by the Minnesota Department of

Corrections. He testified that a screening interview with applicant indicated to him applicant "could benefit" from this program. Further evidence was adduced that a fund had been instituted to pay applicant's costs for this treatment program.

In argument to the trial court, applicant proposed that his applications for deferred adjudication in each of the cause numbers be granted,[1] and that as a condition of his probation thereon, combining punishment and rehabilitation, he be required to go through the Alpha Human Services program in Minnesota. The State submitted the counter proposal that on only one of the cause numbers the trial court should:

"... go ahead and grant the [applicant's] application for deferred adjudication, and place [applicant] on ten years probation. During the first eight years of that term, he is to correspond with the Court, or a designated probation officer, and the final condition being that within thirty days of his release on parole on the first five felonies, that he either, number one, provide evidence to the court that he has been successfully admitted to this Alpha Human Services program in Minnesota, or, in the alternative, that he requests a hearing before the Court, so the Court can provide some other alternative form of treatment during the final two years of that ten-year deferred adjudication."

The trial court seems to have envisioned just such a scheme when she appended to her form "ORDER PLACING DEFENDANT ON PROBATION WITHOUT ADJUDICATION OF GUILT" in cause number F–84–195–MH the following "ADDITIONAL CONDITIONS OF PROBATION":

"Within thirty (30) days following his release or parole from Texas Department of Corrections, defendant is hereby ordered to report to and satisfactorily complete the treatment program at Alpha Human Services, ..., Minneapolis, Minnesota. Defendant shall report to [then present] Director of Intake, or his successor, and cause evidence of his admission to Alpha Human Services to be provided to the Court within 45 days of his release or parole from Texas Department of Corrections. During the term of his probation, defendant shall remain in and participate in the program ... and successfully complete the program.

In the event Alpha Human Services is no longer able to admit defendant to its sex offender program, then in that event, or in any other event which prevents defendant from successfully being admitted to Alpha Human Services for a minimum two years residential treatment program ..., then defendant shall, within 60 days of his release or parole from Texas Department of Corrections, notify the Court and his Collin County probation officer of the fact that he has not been admitted to Alpha Human Services and request a hearing so the Court can determine some other treatment program for defendant."

Sentences in the other causes were such that, with sufficient good conduct time credits, see Art. 6181–1, V.A.C.S., applicant could be paroled within six to eight years.[2]

At the hearing on the instant writ application both the prosecutor and judge of the trial court in which applicant's pleas were taken testified to facts consistent with the conclusion that the whole sentencing

---

1. Apparently counsel did not file applications for regular probation because, since applicant had used a knife in the commission of the offenses, counsel anticipated an affirmative finding of use of a deadly weapon, which would preclude the court from granting "straight" probation under then Art. 42.12, Sec. 3f(a)(2), see now Sec. 3g(a)(2), V.A.C.C.P.

2. The prosecutor originally asked for twentyfour year sentences in each of the first degree felony burglary of a habitation causes, apparently so that if the trial court made an affirmative finding of a deadly weapon in those causes,

applicant could nevertheless be paroled after eight years. See then Art. 42.12, Sec. 15(b), now Art. 42.18, Sec. 8(b), V.A.C.C.P.

In cause number F–84–167–MH, aggravated sexual assault, punishment was originally assessed at the conclusion of the plea hearing at a term of 45 years. Apparently because applicant would have been required to serve a minimum of fifteen years of this sentence before becoming eligible for parole, *id.*, the judgment that was entered four days later reflects a sentence of eighteen years, rather than fortyfive.

scheme utilized in these causes was designed so that appellant would likely be paroled within six to eight years, and that in that event he would be required to undergo treatment at the Alpha Human Services. Presumably he would remain in attendance there until either the end of the ten year term of probation, or such time as he "successfully complete[s] the program[,]" whichever should occur first.[3]

In *Green v. State*, supra, at 658, we held that "a judgment granting probation cannot be cumulated with a judgment that assesses a prison sentence or jail term[,]" under Art. 42.08, V.A.C.C.P. Accordingly, we found the trial court's order, purporting to "stack" a ten year term of probation upon an eight year sentence of confinement in the Texas Department of Corrections, to be ineffective. The holding in *Green*, however, is inapposite to the instant case. Where an accused is sentenced in a number of causes on the same day, Art. 42.08, supra, has been construed, as has its predecessors, such that "unless the trial court, by order, expressly makes cumulative the several punishments, they run concurrently." *Ex parte Crossnoe*, 155 Tex.Cr.R. 129, 232 S.W.2d 855 (1950). There was no order here purporting to cumulate punishments or probation in the various causes. Thus, we must conclude that applicant's deferred adjudication probation was intended to run concurrently with his (also concurrent) sentences in the penitentiary. Had the trial court attempted to "stack" the deferred adjudication probation on his penitentiary time, we would then be compelled under *Green* to invalidate such an order. That was not the case here.

It is true there is no definite beginning point to the condition of probation requiring applicant to attend the Alpha Human Services treatment program. The condition simply states that applicant shall participate in the program *whenever* he is released or paroled from the Department of Corrections. Conceivably applicant could be paroled sometime after expiration of his ten year period of probation, and nevertheless suffer an adjudication of guilt, and subsequent penitentiary time, for failure to attend the program. In view of the fact, however, that the term of his probation *is* for ten years only,[4] we interpret this condition to take effect only in the event that applicant is in fact released or paroled within the term of probation. Should the trial court proceed to adjudication in cause number F–84–195–MH on the basis of applicant's failure to attend the treatment program upon being released or paroled after the expiration of the ten year term of probation, then applicant should have a colorable claim of illegal restraint. Presently, he fails to state facts which, if true, would entitle him to collateral relief.

Applicant requests that this Court "review the requirements of the probation order in cause F–84–195–MH and revise them to allow the petitioner to receive mandatory *out-patient* treatment as a condition of special probation." This we have no authority to do. The relief requested is denied.

---

3. We find the trial judge's assertions at the writ hearing that in assessing the terms of confinement in the causes in which she did adjudicate guilt, she did not take the parole laws into consideration, all but incredible—especially in view of the reduction of sentence in the aggravated sexual assault conviction, see n. 2, *ante*. The prosecutor testified that some time before the judgment in that conviction was entered, containing the 18 year sentence, it was pointed out to the trial judge that the 45 year term she had originally assessed would render the purpose behind the deferred adjudication moot.

4. Ten years is the maximum permissible term of probation for deferred adjudication. Art. 42.12, Sec. 3d(a), supra.