OPINION HEADING PER CUR 









                NO. 12-06-00037-CR

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS
DISTRICT

 

TYLER, TEXAS

 

 

KENNITH LORENTZ, SR., §                      APPEAL
FROM THE 159TH

APPELLANT

 

V.        §                      JUDICIAL
DISTRICT COURT OF

 

THE
STATE OF TEXAS,

APPELLEE   §                      ANGELINA
COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM
OPINION








            Appellant, Kennith Lorentz, Sr., was charged by
indictment of one count of aggravated sexual assault of a child and a second
count of sexual assault of a child.  The
jury found Appellant guilty on count I of the lesser included offense of sexual
assault of a child and guilty as charged on count II.  The jury assessed Appellant’s punishment on
count I at imprisonment for ten years and on count II at imprisonment for ten
years with a recommendation for community supervision.  The trial judge ordered that the sentences
run consecutively. 

            Appellant presents one issue in which he contends the
trial judge improperly stacked Appellant’s sentences.  We modify both judgments to provide that the
sentence for count II shall begin when the sentence in count I has ceased to
operate and affirm the judgments as modified. 

 

The Judgments

            In assessing Appellant’s sentence, the trial judge
specified, “This sentence for count I shall run first and the sentence for
count II of the indictment shall begin after the defendant’s release from
confinement from the institutional division or from the defendant’s release
from parole, whichever is later.”  The
judgment and sentence for count I in pertinent part reads as follows:

 








This
sentence FOR COUNT I shall run FIRST, AND THE SENTENCE FOR COUNT II OF THE
INDICTMENT SHALL BEGIN AFTER THE DEFENDANT’S RELEASE FROM CONFINEMENT FROM THE
INSTITUTIONAL DIVISION OR FROM THE DEFENDANT’S RELEASE FROM PAROLE, WHICHEVER
IS LATER.

 

 

The judgment and sentence as it
pertains to count II also clearly states the trial judge’s intent that
Appellant not be permitted to begin serving his sentence of community
supervision for count II while still on parole from the sentence in count
I.  It recites the following:

 

This
sentence shall run CUMULATIVELY WITH THE SENTENCE FOR COUNT I AND THE SENTENCE
FOR COUNT II IS TO BEGIN AFTER THE DEFENDANT’S RELEASE FROM INCARCERATION
FROM CONFINEMENT FROM THE INSTITUTIONAL DIVISION, OR FROM THE DEFENDANT’S
RELEASE FROM PAROLE, WHICHEVER IS LATER.

 

 

 

Discussion

            Citing Green v. State, 706 S.W.2d 653 (Tex.
Crim. App. 1986), Appellant first contends that a probated sentence cannot be
cumulated with a judgment imposing a prison sentence.  Since Green was decided,
however, Article 42.08 of the Texas Code of Criminal Procedure has been amended
“to broaden a trial court’s ability to stack sentences by affording the
option of stacking periods of community supervision, or stacking a prison term
and a period of community supervision....” 
Pettigrew v. State, 48 S.W.3d 769, 772 (Tex. Crim. App.
2001); see also Tex. Code Crim.
Proc. Ann. art. 42.08(a) (Vernon Pamph. Supp. 2005).   

            Alternatively, Appellant maintains that the sentence
imposed for count II should commence when the judgment and sentence imposed in
the preceding conviction (count I) has ceased to operate.  Article 42.08(a) provides as follows:

 

Except
as provided by Sections (b) and (c) of this article [requiring cumulation
for offenses committed by prison inmates and prohibiting a prison sentence from
being stacked on a probated sentence], in the discretion of the court, the
judgment in the second and subsequent convictions may either be that the
sentence imposed or suspended shall begin when the judgment and the sentence
imposed or suspended in the preceding conviction has ceased to operate, or that
the sentence imposed or suspended shall run concurrently with the other case or
cases ....

 

 

Id.  The Texas Government Code defines “ceased to
operate.” 

(b)
For the purposes of Article 42.08, Code of Criminal Procedure, the judgment and
sentence of an inmate sentenced for a felony, other than the last sentence in a
series of consecutive sentences, cease to operate:

                                                                                

(1)           when
the actual calendar time served by the inmate equals the sentence imposed by
the court; or 

 

(2)           on
the date a parole panel designates as the date the inmate would have been
eligible for release on parole if the inmate had been sentenced to serve a
single sentence.

 

 

Tex.
Gov’t Code Ann. § 508.150(b) (Vernon 2004).

            In Ex parte Kuester, Kuester was serving a
ten year sentence for burglary.  While in
prison, he was convicted of striking a correctional officer.  The trial court sentenced Kuester to a four
year term in prison and ordered that the four year term not begin to run until
Kuester’s ten year sentence “ceased to operate.”  Ex parte Kuester, 21 S.W.3d
264, 265 (Tex. Crim. App. 2000).  The
court of criminal appeals concluded that “cease to operate” means the date the
prisoner has served the sentence day for day in [the Texas Department of
Corrections–Institutional Division] or the date a parole panel has designated
that the prisoner would have been released on parole if he had been sentenced
to serve only one sentence.”  Id.
at 270.  The court reasoned “the parole
laws should apply to stacked sentences as they do to all other sentences, and
the second sentence should begin when the inmate makes parole on the first
sentence.”  Id. at 271; see
also Ex parte Cowan, 171 S.W.3d 890, 892 (Tex. Crim. App. 2005).

            Although both Kuester and Cowan
dealt with stacked prison terms, we perceive no logical basis for a different
result in a case stacking a prison term and a period of community
supervision.  We conclude that the
sentence imposed is contrary to the applicable statutes and case law.

 

Disposition

            The judgment and sentence is modified to order that the
sentence of community supervision imposed for count II shall begin when the
judgment and sentence imposed for count I has ceased to operate.  As modified, the judgment is affirmed.  

 

 

                                                                                  BILL BASS    

                                                                                      Justice

 

 

 

 

Opinion
delivered July 31, 2006.

Panel consisted
of Worthen, C.J., Griffith, J., and Bass, Retired Justice, Twelfth Court of
Appeals, Tyler, sitting by assignment.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)