

**NUMBER 13-07-517-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**SEBASTIAN RUEDA,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

**On appeal from the 105th District Court of Kleberg County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Yañez and Benavides
Memorandum Opinion by Justice Benavides**

Appellant, Sebastian Rueda, pleaded guilty to the offense of assault on a public servant, enhanced to a first-degree felony. *See* TEX. PENAL CODE ANN. § 22.01(1) (Vernon Supp. 2007). The trial court ruled that Rueda's fifty-year sentence in the Institutional Division of the Texas Department of Criminal Justice was to run consecutively with two thirty-five year sentences that he was serving concurrently for aggravated robbery.

Rueda's single issue on appeal is that the trial court's order to serve the fifty-year sentence consecutively with the thirty-five year sentences was disproportionate to the seriousness of the alleged offense in violation of the Eighth and Fourteenth Amendments to the United States Constitution. *See* U.S. CONST. amends. VIII, XIV. We hold that the sentence was not disproportionate. Accordingly, we affirm the judgment of the district court.

## I. BACKGROUND

Rueda pleaded guilty to two counts of aggravated robbery. In court, and just after the judge announced that Rueda's sentence of thirty-five years for each aggravated robbery count were to run concurrently, Rueda struck the prosecutor in the face. The prosecutor suffered a fractured sinus cavity.

Rueda was indicted for aggravated assault on a public servant, a third-degree felony, enhanced by two prior felonies. *See* TEX. PENAL CODE ANN.§ 22.01(1). Pursuant to a plea agreement, however, Rueda pleaded guilty to a third-degree felony of assault on a public servant enhanced to a first-degree felony. With the enhancement, the sentencing range was between twenty-five and ninety-nine years. *Id.* at § 12.42(d). The State and Rueda agreed to a fifty year sentence, but disagreed as to whether it was to be served concurrently or consecutively with the thirty-five years he was already serving.

At Rueda's sentencing, the court heard Rueda's testimony that he had a long criminal history that began at the age of ten for stealing a car. Rueda also testified to having been involved with drugs and to having two prior convictions for assaulting public servants. The court then assessed Rueda's punishment at the agreed-upon fifty-year sentence and ordered that it be served consecutively with the thirty-five year sentences.

The court stated its decision was premised on the need to protect the public from the danger that he might pose as a recidivist offender. The court further stated that Rueda's past actions had exhibited "total disregard" for another person's pain and suffering and also the public's "right to be free from being terrorized, their right to be free from thinking they are going die." The court also expressed concern about the spontaneity of Reuda's behavior, describing his sudden assaults as a "momentary thing." The court granted a limited right of appeal "with regards to the stacking" of the sentences.

The record does not reflect any objection by Rueda pertaining to his sentence. Rueda now appeals the judge's order of a concurrent sentence.

## II. ANALYSIS

### A. Preservation of Error

To preserve error for appellate review, a party must present at the earliest possible opportunity a timely objection to the trial court, state the specific grounds for the objection, and obtain an adverse ruling. TEX. R. APP. P. 33.1(a); *Dixon v. State*, 2 S.W.3d 263, 265 (Tex. Crim. App. 1998). Even certain constitutional guarantees are also subject to forfeiture if a proper objection was not made at trial. *Saldano v. State*, 70 S.W.3d 873, 887 (Tex. Crim. App. 2002). Failure to make a specific objection to a disproportionate sentence in the trial court or a post-trial motion waives any error for appellate review. *Quintana v. State,* 777 S.W.2d 474, 479 (Tex. App.–Corpus Christi 1989, pet. ref'd).

Rueda failed to make an objection on the basis of a disproportionate sentence in the trial court or in a post-trial motion and is raising the issue for the first time on appeal. Therefore, error was not preserved for review.

**B. Disproportionality**

Assuming, however, that Rueda had preserved the issue for appellate review, we conclude that his consecutive sentence was not disproportionate to the seriousness of the offense. The code of criminal procedure is clear about a trial judge's discretion in these matters:

> When the same defendant has been convicted in two or more cases, judgment and sentence shall be pronounced in each case in the same manner as if there had been but one conviction. . . . *[I]n the discretion of the court* the judgment in the second and subsequent convictions may either be that the sentence imposed or suspended shall begin when the judgment and the sentence in the preceding conviction has ceased to operate, or that the sentence imposed or suspended shall run concurrently with the other case or cases, and sentence and execution shall be accordingly. . . ."

TEX. CODE CRIM. PROC. ANN. art. 42.08(a) (Vernon 2006) (emphasis added).

The cumulation of sentences does not constitute cruel and unusual punishment. *Stevens v. State*, 667 S.W.2d 534, 538 (Tex. Crim. App. 1984); *Quintana*, 777 S.W.2d at 480. "Normally, the trial judge has absolute discretion to cumulate sentences." *Smith v. State*, 575 S.W.2d 41, 41 (Tex. Crim. App. 1979); *see also Green v. State*, 706 S.W.2d 653, 656 (Tex. Crim. App. 1986); *Quintana,* 777 S.W.2d at 480. A trial court has the discretion to either order a defendant's sentence to begin when his previous sentence ends, or to allow the defendant's sentence to run concurrently with his previous sentence. *See* TEX. CODE CRIM. PROC. ANN. art. 42.08 (Vernon 2006); *Quintana*, 777 S.W.2d at 480. Further, a criminal defendant does not have a right to a concurrent sentence. *Carney v. State*, 573 S.W.2d 24, 27 (Tex. Crim. App. 1978); *Quintana*, 777 S.W.2d at 480.

Rueda is a repeat felony offender with two prior convictions of assault to a public servant. After considering Rueda's testimony and extensive criminal history, the trial court

exercised its absolute discretion and determined that the public needed to be protected from him.  The sentence was not grossly disproportionate in light of the evidence of Rueda's numerous past offenses showing "total disregard"—as the trial court described it—for others.

### III. CONCLUSION

We find that Rueda's consecutive sentence was not disproportionate to the seriousness of the offense in violation of the Eighth and Fourteenth Amendments to the U.S. Constitution.  The judgment of the district court is AFFIRMED.

GINA M. BENAVIDES,
Justice

Do not publish.  TEX. R. APP. P. 47.2(b).

Memorandum Opinion delivered and
filed this the 3rd day of July, 2008.