NUMBER 13-07-517-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


SEBASTIAN RUEDA, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 




On appeal from the 105th District Court of Kleberg County, Texas.


 


MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Yañez and Benavides


Memorandum Opinion by Justice Benavides


 Appellant, Sebastian Rueda, pleaded guilty to the offense of assault on a public
servant, enhanced to a first-degree felony. See Tex. Penal Code Ann. § 22.01(1) (Vernon
Supp. 2007). The trial court ruled that Rueda's fifty-year sentence in the Institutional
Division of the Texas Department of Criminal Justice was to run consecutively with two
thirty-five year sentences that he was serving concurrently for aggravated robbery. 
Rueda's single issue on appeal is that the trial court's order to serve the fifty-year sentence
consecutively with the thirty-five year sentences was disproportionate to the seriousness
of the alleged offense in violation of the Eighth and Fourteenth Amendments to the United
States Constitution. See U.S. Const. amends. VIII, XIV. We hold that the sentence was
not disproportionate. Accordingly, we affirm the judgment of the district court. 

 I. Background

 Rueda pleaded guilty to two counts of aggravated robbery. In court, and just after
the judge announced that Rueda's sentence of thirty-five years for each aggravated
robbery count were to run concurrently, Rueda struck the prosecutor in the face. The
prosecutor suffered a fractured sinus cavity.

 Rueda was indicted for aggravated assault on a public servant, a third-degree
felony, enhanced by two prior felonies. See Tex. Penal Code Ann.§ 22.01(1). Pursuant
to a plea agreement, however, Rueda pleaded guilty to a third-degree felony of assault on
a public servant enhanced to a first-degree felony. With the enhancement, the sentencing
range was between twenty-five and ninety-nine years. Id. at § 12.42(d). The State and
Rueda agreed to a fifty year sentence, but disagreed as to whether it was to be served
concurrently or consecutively with the thirty-five years he was already serving. 

 At Rueda's sentencing, the court heard Rueda's testimony that he had a long
criminal history that began at the age of ten for stealing a car. Rueda also testified to
having been involved with drugs and to having two prior convictions for assaulting public
servants. The court then assessed Rueda's punishment at the agreed-upon fifty-year
sentence and ordered that it be served consecutively with the thirty-five year sentences. 
The court stated its decision was premised on the need to protect the public from the
danger that he might pose as a recidivist offender. The court further stated that Rueda's
past actions had exhibited "total disregard" for another person's pain and suffering and also
the public's "right to be free from being terrorized, their right to be free from thinking they
are going die." The court also expressed concern about the spontaneity of Reuda's
behavior, describing his sudden assaults as a "momentary thing." The court granted a
limited right of appeal "with regards to the stacking" of the sentences. 

 The record does not reflect any objection by Rueda pertaining to his sentence. 
Rueda now appeals the judge's order of a concurrent sentence.

II. Analysis

A. Preservation of Error

 To preserve error for appellate review, a party must present at the earliest possible
opportunity a timely objection to the trial court, state the specific grounds for the objection,
and obtain an adverse ruling. Tex. R. App. P. 33.1(a); Dixon v. State, 2 S.W.3d 263, 265
(Tex. Crim. App. 1998). Even certain constitutional guarantees are also subject to
forfeiture if a proper objection was not made at trial. Saldano v. State, 70 S.W.3d 873, 887
(Tex. Crim. App. 2002). Failure to make a specific objection to a disproportionate sentence
in the trial court or a post-trial motion waives any error for appellate review. Quintana v.
State, 777 S.W.2d 474, 479 (Tex. App.-Corpus Christi 1989, pet. ref'd). 

 Rueda failed to make an objection on the basis of a disproportionate sentence in
the trial court or in a post-trial motion and is raising the issue for the first time on appeal. 
Therefore, error was not preserved for review.

B. Disproportionality

 Assuming, however, that Rueda had preserved the issue for appellate review, we
conclude that his consecutive sentence was not disproportionate to the seriousness of the
offense. The code of criminal procedure is clear about a trial judge's discretion in these
matters:

When the same defendant has been convicted in two or more cases,
judgment and sentence shall be pronounced in each case in the same
manner as if there had been but one conviction. . . . [I]n the discretion of the
court the judgment in the second and subsequent convictions may either be
that the sentence imposed or suspended shall begin when the judgment and
the sentence in the preceding conviction has ceased to operate, or that the
sentence imposed or suspended shall run concurrently with the other case
or cases, and sentence and execution shall be accordingly. . . ."


Tex. Code Crim. Proc. Ann. art. 42.08(a) (Vernon 2006) (emphasis added).


 The cumulation of sentences does not constitute cruel and unusual punishment. 
Stevens v. State, 667 S.W.2d 534, 538 (Tex. Crim. App. 1984); Quintana, 777 S.W.2d at
480. "Normally, the trial judge has absolute discretion to cumulate sentences." Smith v.
State, 575 S.W.2d 41, 41 (Tex. Crim. App. 1979); see also Green v. State, 706 S.W.2d
653, 656 (Tex. Crim. App. 1986); Quintana, 777 S.W.2d at 480. A trial court has the
discretion to either order a defendant's sentence to begin when his previous sentence
ends, or to allow the defendant's sentence to run concurrently with his previous sentence. 
See Tex. Code Crim. Proc. Ann. art. 42.08 (Vernon 2006); Quintana, 777 S.W.2d at 480. 
Further, a criminal defendant does not have a right to a concurrent sentence. Carney v.
State, 573 S.W.2d 24, 27 (Tex. Crim. App. 1978); Quintana, 777 S.W.2d at 480. 

 Rueda is a repeat felony offender with two prior convictions of assault to a public
servant. After considering Rueda's testimony and extensive criminal history, the trial court
exercised its absolute discretion and determined that the public needed to be protected
from him. The sentence was not grossly disproportionate in light of the evidence of
Rueda's numerous past offenses showing "total disregard"--as the trial court described
it--for others. 

III. Conclusion

 We find that Rueda's consecutive sentence was not disproportionate to the
seriousness of the offense in violation of the Eighth and Fourteenth Amendments to the
U.S. Constitution. The judgment of the district court is AFFIRMED. 

 

 

 

 GINA M. BENAVIDES,

 Justice


Do not publish. Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and

filed this the 3rd day of July, 2008.