02-03-390-CR















 
 
 
 
 
 
 




 

 

 

 

 

 

                                                COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

                                               NO.
02-03-00390-CR

 

 

NICHOLAS GEORGE KLEIN                                                              APPELLANT

 

                                                             V.

 

THE STATE OF TEXAS                                                                             STATE

 

 

                                                       ------------

 

               FROM
THE 362ND DISTRICT COURT OF DENTON COUNTY

 

                                                       ------------

 

                     MEMORANDUM OPINION[1] ON REMAND ON

STATE=S PETITION FOR
DISCRETIONARY REVIEW

 

                                                       ------------

Pursuant
to rule of appellate procedure 50, we have reconsidered our previous opinion on
remand upon reviewing the State=s
petition for discretionary review.[2]  We withdraw our August 12, 2010 memorandum
opinion on remand, dissenting memorandum opinion on remand, and judgment, and
we substitute the following.

Following
a jury trial, Appellant was convicted of eight counts of aggravated sexual
assault of a child.  On original appeal,
this court held that the evidence was legally insufficient to support
convictions on six counts and rendered an acquittal on those counts.[3]  Regarding the remaining two counts, this
court held that (1) the evidence was legally and factually sufficient to
support the convictions,[4]
(2) the testimony of the designated outcry witness was admissible under the
outcry exception to the hearsay rule,[5]
(3) the admission of any testimony by the designated outcry witness at trial
that was not included in the summary of outcry witness testimony given to
Appellant prior to trial was not error,[6]
(4) any probative value of impeachment testimony relating to the complainant=s
testimony recanting her prior outcry statement was substantially outweighed by
its prejudicial effect,[7]
(5) the testimony of the Child Protective Services (CPS) investigator and the
police officer was not admissible under the prior consistent statement
exception to the hearsay rule,[8]
and (6) the trial court=s error in admitting such
testimony was not harmless.[9]

On the
State=s
original petition for discretionary review, the Texas Court of Criminal Appeals
held that the evidence was legally sufficient to support a finding that
Appellant had sexually assaulted the complainant (by touching her sexual organ
with his tongue and finger) Aon at
least four separate occasions@[10] and that
the complainant=s out‑of‑court
statements to the CPS investigator and police officer that she had been
sexually abused by Appellant were admissible as nonhearsay
prior consistent statements.[11]  The Texas Court of Criminal Appeals therefore
remanded the case to us for further proceedings.  Because we already held that the evidence is
sufficient on two counts, the Texas Court of Criminal Appeals has held that the
evidence is sufficient on the remaining six counts and that the testimony of
the CPS investigator and police officer was properly admitted, and we now hold
that the trial court did not err by stacking the sentences, we affirm the trial
court=s
judgments.

After
this court issued its original opinions on remand, the Texas Court of Criminal
Appeals held Athat there is no meaningful
distinction between a Clewis[[12]]
factual‑sufficiency standard and a Jackson
v. Virginia[[13]]
legal‑sufficiency standard@ and that

the Jackson v. Virginia standard is the only
standard that a reviewing court should apply in determining whether the
evidence is sufficient to support each element of a criminal offense that the
State is required to prove beyond a reasonable doubt.  All other cases to the contrary, including Clewis, are overruled.[14]

 

Accordingly,
because this court already held the evidence sufficient under Jackson to
support Appellant=s convictions on Counts VII and
VIII and the Texas Court of Criminal Appeals already held the evidence
sufficient under Jackson to support the remaining six counts, we
overrule Appellant=s first and second points.

In his
seventh and only remaining live point, Appellant contends that the trial court
erred by stacking seven probated sentences on top of a sentence of
incarceration.  But Appellant relies on Green
v. State,[15]
which has been superseded by statute.[16]  Article 42.08 of the code of criminal
procedure provides in relevant part,

When the same defendant has been convicted in two or more cases,
judgment and sentence shall be pronounced in each case in the same manner as if
there had been but one conviction.  . . .
[I]n the discretion of the court, the judgment in the second and subsequent
convictions may either be that the sentence imposed or suspended shall begin
when the judgment and the sentence imposed or suspended in the preceding
conviction has ceased to operate, or that the sentence imposed or suspended
shall run concurrently with the other case or cases, and sentence and execution
shall be accordingly . . . .[17]

 

In this case, Appellant was
sentenced to ten-year terms on all eight counts, but the sentences in his final
seven counts were suspended.  The trial
court ordered that the seven ten-year probated sentences would be served
concurrently with each other but consecutively to the ten-year sentence of
confinement imposed on the first count. 
The trial court had the discretion under the statute to so stack the
sentences; we therefore overrule Appellant=s seventh
point.

Because
(1) we already held the evidence sufficient on two counts, (2) the Texas Court
of Criminal Appeals held the evidence sufficient on the remaining six counts,
(3) we are bound by the Texas Court of Criminal Appeals=s holding
that the testimony of the CPS investigator and the police officer was properly
admitted, and (4) we hold that the trial court did not err by stacking the
sentences, we affirm the trial court=s
judgments on all eight counts.

 

 

LEE ANN DAUPHINOT

JUSTICE

 

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and MCCOY, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  December 2, 2010











[1]See Tex. R. App. P. 47.4.





[2]See Tex. R. App. P. 50.





[3]Klein v. State, 191 S.W.3d 766, 775 (Tex. App.CFort Worth 2006) (Klein
I), rev=d, 273 S.W.3d 297, 298B99 (Tex. Crim. App. 2008) (Klein II).





[4]Id. at 774, 778.





[5]Id.
at
780.





[6]Id.
at
781.





[7]Id.
at
783.





[8]Id. at 784.





[9]Id. at 785.





[10]Klein II, 273
S.W.3d at 303.





[11]Id.
at
317.





[12]Clewis v. State, 922 S.W.2d 126 (Tex. Crim. App. 1996).





[13]443
U.S. 307, 99 S. Ct. 2781 (1979).





[14]Brooks
v. State,
No.
PD-0210-09, 2010 WL 3894613, at *1, 14 (Tex. Crim. App. Oct. 6, 2010).





[15]706
S.W.2d 653 (Tex. Crim. App. 1986).





[16]See Pettigrew v.
State,
48 S.W.3d 769, 772 & n.17
(Tex. Crim. App. 2001) (noting that article 42.08 was amended after Green
was handed down to allow the stacking of, among other things, prison terms and
periods of community supervision).





[17]Tex.
Code Crim. Proc. Ann. art. 42.08 (Vernon Supp. 2010).