

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-03-00390-CR

NICHOLAS GEORGE KLEIN                                    APPELLANT

V.

THE STATE OF TEXAS                                              STATE

------------

FROM THE 362ND DISTRICT COURT OF DENTON COUNTY

------------

# MEMORANDUM OPINION[1] ON REMAND ON
# STATE'S PETITION FOR DISCRETIONARY REVIEW

------------

Pursuant to rule of appellate procedure 50, we have reconsidered our previous opinion on remand upon reviewing the State's petition for discretionary review.[2] We withdraw our August 12, 2010 memorandum opinion on remand, dissenting memorandum opinion on remand, and judgment, and we substitute the following.

---

[1] *See* Tex. R. App. P. 47.4.

[2] *See* Tex. R. App. P. 50.

Following a jury trial, Appellant was convicted of eight counts of aggravated sexual assault of a child. On original appeal, this court held that the evidence was legally insufficient to support convictions on six counts and rendered an acquittal on those counts.[3] Regarding the remaining two counts, this court held that (1) the evidence was legally and factually sufficient to support the convictions,[4] (2) the testimony of the designated outcry witness was admissible under the outcry exception to the hearsay rule,[5] (3) the admission of any testimony by the designated outcry witness at trial that was not included in the summary of outcry witness testimony given to Appellant prior to trial was not error,[6] (4) any probative value of impeachment testimony relating to the complainant's testimony recanting her prior outcry statement was substantially outweighed by its prejudicial effect,[7] (5) the testimony of the Child Protective Services (CPS) investigator and the police officer was not admissible under the prior consistent statement exception to the hearsay rule,[8] and (6) the trial court's error in admitting such testimony was not harmless.[9]

---

[3] ... *Klein v. State*, 191 S.W.3d 766, 775 (Tex. App.—Fort Worth 2006) (*Klein I*), *rev'd*, 273 S.W.3d 297, 298–99 (Tex. Crim. App. 2008) (*Klein II*).

[4] ... *Id.* at 774, 778.

[5] ... *Id.* at 780.

[6] ... *Id.* at 781.

[7] ... *Id.* at 783.

[8] ... *Id.* at 784.

[9] ... *Id.* at 785.

On the State's original petition for discretionary review, the Texas Court of Criminal Appeals held that the evidence was legally sufficient to support a finding that Appellant had sexually assaulted the complainant (by touching her sexual organ with his tongue and finger) "on at least four separate occasions"[10] and that the complainant's out-of-court statements to the CPS investigator and police officer that she had been sexually abused by Appellant were admissible as nonhearsay prior consistent statements.[11] The Texas Court of Criminal Appeals therefore remanded the case to us for further proceedings. Because we already held that the evidence is sufficient on two counts, the Texas Court of Criminal Appeals has held that the evidence is sufficient on the remaining six counts and that the testimony of the CPS investigator and police officer was properly admitted, and we now hold that the trial court did not err by stacking the sentences, we affirm the trial court's judgments.

After this court issued its original opinions on remand, the Texas Court of Criminal Appeals held "that there is no meaningful distinction between a *Clewis*[12] factual-sufficiency standard and a *Jackson v. Virginia*[13] legal-sufficiency standard" and that

---

[10] ... *Klein II*, 273 S.W.3d at 303.

[11] ... *Id.* at 317.

[12] ... *Clewis v. State*, 922 S.W.2d 126 (Tex. Crim. App. 1996).

[13] ... 443 U.S. 307, 99 S. Ct. 2781 (1979).

3

the *Jackson v. Virginia* standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt. All other cases to the contrary, including *Clewis*, are overruled.[14]

Accordingly, because this court already held the evidence sufficient under *Jackson* to support Appellant's convictions on Counts VII and VIII and the Texas Court of Criminal Appeals already held the evidence sufficient under *Jackson* to support the remaining six counts, we overrule Appellant's first and second points.

In his seventh and only remaining live point, Appellant contends that the trial court erred by stacking seven probated sentences on top of a sentence of incarceration. But Appellant relies on *Green v. State*,[15] which has been superseded by statute.[16] Article 42.08 of the code of criminal procedure provides in relevant part,

> When the same defendant has been convicted in two or more cases, judgment and sentence shall be pronounced in each case in the same manner as if there had been but one conviction. . . . [I]n the discretion of the court, the judgment in the second and subsequent convictions may either be that the sentence imposed or suspended shall begin when the judgment and the sentence imposed or suspended in the preceding conviction has ceased to operate, or that the sentence

---

[14] *Brooks v. State*, No. PD-0210-09, 2010 WL 3894613, at *1, 14 (Tex. Crim. App. Oct. 6, 2010).

[15] 706 S.W.2d 653 (Tex. Crim. App. 1986).

[16] *See Pettigrew v. State*, 48 S.W.3d 769, 772 & n.17 (Tex. Crim. App. 2001) (noting that article 42.08 was amended after *Green* was handed down to allow the stacking of, among other things, prison terms and periods of community supervision).

4

imposed or suspended shall run concurrently with the other case or cases, and sentence and execution shall be accordingly . . . .[17]

In this case, Appellant was sentenced to ten-year terms on all eight counts, but the sentences in his final seven counts were suspended. The trial court ordered that the seven ten-year probated sentences would be served concurrently with each other but consecutively to the ten-year sentence of confinement imposed on the first count. The trial court had the discretion under the statute to so stack the sentences; we therefore overrule Appellant's seventh point.

Because (1) we already held the evidence sufficient on two counts, (2) the Texas Court of Criminal Appeals held the evidence sufficient on the remaining six counts, (3) we are bound by the Texas Court of Criminal Appeals's holding that the testimony of the CPS investigator and the police officer was properly admitted, and (4) we hold that the trial court did not err by stacking the sentences, we affirm the trial court's judgments on all eight counts.

LEE ANN DAUPHINOT
JUSTICE

PANEL: LIVINGSTON, C.J.; DAUPHINOT and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: December 2, 2010

---

[17] Tex. Code Crim. Proc. Ann. art. 42.08 (Vernon Supp. 2010).

5