The STATE of Texas, Appellant,

v.

James VASILAS, Appellee.

No. 05–04–00328–CR.

Court of Appeals of Texas,
Dallas.

Jan. 21, 2005.

John R. Roach, Collin County Dist. Atty., McKinney, for appellant.

Peter Barrett, Moore & Gunter & Barrett, Dallas, for appellee.

Katharine K. Decker, McKinney, for state.

Before Justices MOSELEY, FITZGERALD, and FRANCIS.

## OPINION

Opinion by Justice FITZGERALD.

The State appeals the quashing of one of the four counts in an indictment charging James Vasilas with tampering with a governmental record under section 37.10(a)(5) of the penal code. In two issues, the State argues that the trial court erroneously concluded that section 37.10(a)(5) of the penal code is in *pari materia* with rule of civil procedure 13 and that a petition for expunction is not a "governmental record" under chapter 37 of the penal code. We conclude the petition for expunction was not a governmental record within the contemplation of chapter 37. Accordingly, we conclude the trial court correctly granted the motion to quash, and we affirm the trial court's order.

### BACKGROUND

Appellee is an attorney who represented Justin Goff, who was charged with delivery of marijuana. Goff, while represented by appellee, was convicted of the lesser-included offense of possession of marijuana. Subsequently, appellee, representing Goff, signed and filed a petition for expunction of Goff's arrest on the delivery charge. The State then charged appellee in a four-count indictment for making three false entries in a governmental record, the petition for expunction, with the intent to harm and defraud the State of Texas. The fourth count alleged appellee made, presented, and used a governmental record, the petition for expunction, with knowledge of its falsity, intending to defraud and

harm the State of Texas. Appellee filed a nonsuit of the expunction lawsuit.

Appellee filed a motion to quash the indictment, asserting (1) section 37.10 of the penal code and rule of civil procedure 13 are in *pari materia,* and rule 13 controls over section 37.10; and (2) pleadings in civil suits are not "governmental records." After hearing oral argument on the motion, the trial court granted the motion to quash without explaining its reasons. The State timely filed its notice of appeal.

At submission of this cause, the State abandoned its appeal of the trial court's granting of the motion to quash as to the first three counts of the indictment. Therefore, the sole issue before us is whether the trial court erred in granting the motion to quash Count IV, which alleged appellee did "with intent to defraud and harm another, namely, the State of Texas, make; present, and use a governmental record, to wit: a Petition for Expunction of Records, with knowledge of its falsity."

### Standard of Review

■ The sufficiency of an indictment is a question of law. *State v. Moff,* 154 S.W.3d 599, 601, No. 458–03, 2004 WL 2248097, *2 (Tex.Crim.App. Oct.6, 2004). When the resolution of a question of law does not turn on an evaluation of the credibility and demeanor of a witness, then the trial court is not in a better position to make the determination, and appellate courts should conduct a *de novo* review of the issue. *Id.; see Guzman v. State,* 955 S.W.2d 85, 89 (Tex.Crim.App.1997). The trial court's decision in this case was based on appellee's motion to quash, the State's response, and the argument of counsel. *See Moff,* at ——, 2004 WL 2248097, at *2; *see State v. Rosenbaum,* 910 S.W.2d 934, 948 (Tex.Crim.App.1994) (dissenting op. adopted on reh'g) (sufficiency of indict-

ment at pretrial motion to quash cannot be supported or defeated by evidence). Accordingly, we conduct a *de novo* review of the trial court's ruling.

### Governmental Records

■ In its second issue, the State asserts the trial court erred by concluding the petition for expunction was not a governmental record. For purposes of construing section 37.10 of the penal code, "governmental record" means "anything belonging to, received by, or kept by government for information, including a court record." Tex. Pen.Code Ann. § 37.01(2)(A) (Vernon Supp.2004–05). The final four words of that definition—"including a court record"—were added by the legislature in 1997. The legislature went on to define "court record" to mean "a decree, judgment, order, subpoena, warrant minutes, or other document *issued by a court* . . . ." *Id.* § 37.01(1) (emphasis added).

The argument can be made that when the petition for expunction was "received by" the court and kept as a source of information concerning the civil proceeding, it became a "governmental record." *See id.* § 37.01(2)(A). This argument is weakened, however, by the 1997 legislative amendments to section 37.01(1). The 1997 amendments narrowed the extremely broad definition of "governmental record" insofar as that definition addressed records associated with a court: a "court record" is now limited to a document actually issued by a court. By defining so narrowly what was *in* the category of "court records," the legislature effectively defined *out* of the scope of "governmental records" the many other types of records—including pleadings—that are created by a party or attorney and merely filed with a court. In other words, to give meaning to the definition of "court record" added by the

legislature, we must read it to exclude documents filed with a court by a party.

We conclude the petition for expunction filed by appellee was not a governmental record within the meaning of chapter 37 of the penal code. We resolve the State's second issue against it.

### CONCLUSION

Given this resolution of the State's second issue, we need not address the issue of whether the statutes are in *pari materia.* The trial court correctly granted appellee's motion to quash on Count IV of the indictment. Because the State has abandoned its appeal of the first three counts of the indictment, we do not reach those counts. We affirm the trial court's order granting appellee's motion to quash.