

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-1473-06

### THE STATE OF TEXAS

### v.

### JAMES VASILAS, Appellee

### ON APPELLEE'S PETITION FOR DISCRETIONARY REVIEW
### IN CAUSE NO. 05-04-00328-CR FROM THE FIFTH COURT OF APPEALS
### COLLIN COUNTY

HOLCOMB, J., *delivered the opinion of the Court, in which* MEYERS, PRICE, WOMACK, JOHNSON, KEASLER, HERVEY, *and* COCHRAN, JJ., *joined.* KELLER, P.J., *concurred.*

### O P I N I O N

In this case, we must determine whether the court of appeals erred in concluding that the Texas Penal Code Section 37.10(a)(5) and the Texas Rule of Civil Procedure 13 are not *in pari materia*. We affirm.

### *Background*

Appellee James Vasilas is an attorney whose client was charged with the state jail felony of delivery of marijuana. Appellee's client was convicted of the lesser-included offense of possession of marijuana. After this conviction, appellee signed and filed a petition for expunction of the records

relating to his client's arrest on the delivery charge. On December 16, 2003, the State charged appellee in a four-count indictment for tampering with a governmental record.[1] Each of the first three counts of the indictment alleged that appellee had made a false entry in a governmental record, i.e., the petition for expunction of records, with the intent to defraud and harm the State of Texas. The fourth count alleged that appellee made, presented, and used a governmental record, i.e., the petition for expunction of records, with knowledge of its falsity, intending to defraud and harm the State of Texas. Appellee filed a nonsuit of the expunction lawsuit.

Subsequently, appellee filed a motion to quash the indictment on two grounds. First, he asserted that Texas Penal Code Section 37.10 and Texas Rule of Civil Procedure 13 are *in pari materia*, and that Rule 13 controls over Section 37.10. Second, he claimed that pleadings in civil suits are not "governmental records" as defined by Section 37.01(2)(A). The trial court, after hearing oral argument, granted the motion to quash without filing findings of fact or conclusions of law. The State abandoned its appeal of the trial court's granting the motion to quash the first three counts of the indictment, but contested its decision as to the fourth count (alleging that appellee made, presented, and used a governmental record, i.e., the petition for expunction of records, with knowledge of its falsity, intending to defraud and harm the State of Texas) on two grounds. First, the State argued that Section 37.10 and Rule 13 are not *in pari materia*. Second, the State asserted that the trial court erred in concluding that the petition for expunction was not a governmental record.

The court of appeals addressed the State's second issue, concluding that "the petition for expunction filed by appellee was not a governmental record within the meaning of chapter 37 of the

---

[1]Tex. Pen. Code § 37.10.

penal code." *State v. Vasilas*, 153 S.W.3d 725, 727 (Tex. App.— Dallas 2005). Given this resolution of the case, the court of appeals declined to address the State's first issue of whether the statute and the rule were *in pari materia*, and affirmed the trial court. *Id.* We reversed, concluding that "the legislature's definition of a governmental record is clear and unambiguous and may include a court record, such as the petition for expunction at issue," *State v. Vasilas*, 187 S.W.3d 486, 491 (Tex. Crim. App. 2006), and remanded the case to the court of appeals for consideration of the State's first issue of whether the statute and the rule were *in pari materia*. *Id.* at 492. On remand, the court of appeals concluded that "section 37.10(a)(5) of the Penal Code and rule of civil procedure 13 are not *in pari materia*" and that the trial court therefore "erred in granting appellee's motion to quash Count IV of the indictment." *State v. Vasilas*, 198 S.W.3d 480, 486-87 (Tex. App.— Dallas 2006). We granted appellee's petition to review that holding.[2]

## *Discussion*[3]

Appellee argues that the court of appeals erred in applying the *in pari materia* doctrine, and that it "should have concluded that § 37.10 necessarily concerns the same subject matter and persons

---

[2]We note for clarity that even though Mr. Vasilas is the petitioner for the present review, we will continue to refer to him as the "appellee" in this opinion because he had prevailed in the original trial court proceedings.

[3]We note that two amicus-curiae briefs were filed supporting appellee's petition for discretionary review. One was filed on behalf of the Litigation Section of the State Bar of Texas, League of United Latin American Citizens (Texas), National Association for the Advancement of Colored Persons (Texas State Conference), Texas Criminal Defense Lawyers Association, and Texas Trial Lawyers Association. But this brief literally tracks one of appellee's own arguments, differing essentially in that it substitutes the words "court of appeals" for appellee's inadvertent use of the word "State" in challenging the court of appeals' holding. A second, much shorter brief filed by the Texas Association of Defense Counsel, echoes the same concerns as those already articulated by appellee and the other *amici*. Thus, neither brief actually adds to the present discussion. We will, therefore, address appellee's own arguments, but confine the discussion only to the issue before us.

and serves the same purposes as the sanctions laws that already and comprehensively regulate lawyer and litigant conduct with regard to court filings."

We note at the outset that the *in pari materia* doctrine has traditionally been applied only to a comparison of two or more statutes. Indeed, in spite of our extensive research, we could not find (and appellee and the *amici* failed to cite) any case,[4] treatise[5] or other source of law[6] that stated or implied that this doctrine was applicable to two such diverse legal sources as those at issue in the present case, i.e., a statute passed by the Legislature and a court-made rule. On the contrary, as we have previously noted, the "doctrine of *pari materia* is, simply put, a principle of statutory

---

[4] *See, e.g., Azeez v. State*, 2008 Tex. Crim. App. LEXIS 329 (Tex. Crim. App. March 5, 2008) (comparison of two statutes); *Burke v. State*, 28 S.W.3d 545 (Tex. Crim. App. 2000) (same); *Cheney v. State*, 755 S.W.2d 123 (Tex. Crim. App. 1988) (same); *Mills v. State*, 722 S.W.2d 411 (Tex. Crim. App. 1986) (same); *Ex parte Wilkinson*, 641 S.W.2d 927 (Tex. Crim. App. 1982) (same); *Alejos v. State*, 555 S.W.2d 444 (Tex. Crim. App. 1977) (same).

[5] In fact, the only discussion of the *in pari materia* doctrine that we could find in the *Texas Jurisprudence*, the *American Jurisprudence* and the *Corpus Juris Secundum* was in the statutes sections; and even there, we could not find a single case in which the doctrine had been applied to compare a statute with a court-made rule of civil or criminal procedure. *See, e.g.,* 67 TEX. JUR. 3d *Statutes* § 133 (2003 & Supp. 2008); 73 AM. JUR. 2d *Statutes* § 205 (2001 & Supp. 2007); 82 C.J.S. *Statutes* § 352 (1999 & Supp. 2007). *See also* 2B N. Singer, SUTHERLAND STATUTORY CONSTRUCTION § 51.03 (2000 & Supp. 2007-08); 1 W. LaFave, SUBSTANTIVE CRIMINAL LAW § 2.2(j) (2d ed. 2003).

[6] Indeed, the *in pari materia* doctrine is so intrinsically associated with statutes that common reference sources, such as encyclopedias and dictionaries, define the doctrine in terms of only that association. *See, e.g.,* BLACK'S LAW DICTIONARY 807 (8th ed. 2004)(defining the *in pari materia* doctrine as "a canon of construction that statutes that are in pari materia may be construed together, so that inconsistencies in one statute may be resolved by looking at another statute on the same subject."); 8 THE GUIDE TO AMERICAN LAW 115 (1984) (defining "pari materia" as the "phrase used in connection with two laws relating to the same subject matter that must be analyzed with each other."); 31 WORDS AND PHRASES 120 (1957) ("The purpose of 'pari materia' rule is to ascertain and to carry into effect the Legislature's intention.").

interpretation. It is a rule courts may use in determining the intent of the Legislature in enacting a particular statute or statutes." *Cheney v. State*, 755 S.W.2d 123, 126 (Tex. Crim. App. 1988). *See also Burke v. State*, 28 S.W.3d 545, 546 (Tex. Crim. App. 2000) ("The rule of in pari materia is nothing more than a principle of statutory interpretation, a means of devining (sic) and giving full effect to legislative intent" (quoting *Mills v. State*, 722 S.W.2d 411, 413 (Tex. Crim. App. 1986)). Indeed, we have consistently explained the *in pari materia* doctrine in terms of the following passage from *Texas Jurisprudence*, which clearly indicates the applicability of the doctrine to a comparison of statutes only:

> It is a settled rule of statutory interpretation that statutes that deal with the same general subject, have the same general purpose, or relate to the same person or thing or class of persons or things, are considered as being in pari materia though they contain no reference to one another, and though they were passed at different times or at different sessions of the legislature.
>
> In order to arrive at a proper construction of a statute, and determine the exact legislative intent, all acts and parts of acts in pari materia will, therefore, be taken, read, and construed together, each enactment in reference to the other, as though they were parts of one and the same law. Any conflict between their provisions will be harmonized, if possible, and effect will be given to all the provisions of each act if they can be made to stand together and have concurrent efficacy.
>
> The purpose of the in pari materia rule of construction is to carry out the full legislative intent, by giving effect to all laws and provisions bearing on the same subject. The rule proceeds on the supposition that several statutes relating to one subject are governed by one spirit and policy, and are intended to be consistent and harmonious in their several parts and provisions. Thus, it applies where one statute deals with a subject in comprehensive terms and another [statute] deals with a portion of the same subject in a more definite way. But where a general statute and a more detailed enactment are in conflict, the latter will prevail, regardless of whether it was passed prior or subsequently to the general statute, unless it appears that the legislature intended to make the general act controlling. And, the rule is not applicable to enactments that cover different situations and that were apparently not intended to be considered together.

53 TEX. JUR. 2d *Statutes* § 186 (1964) (quoted in *Azeez v. State*, 2008 Tex. Crim. App. LEXIS 329,

*23-24 (Tex. Crim. App. March 5, 2008); *Cheney*, 755 S.W.2d at 126; *Alejos v. State*, 555 S.W.2d

444, 450 (Tex. Crim. App. 1977))(citations omitted).

In 2003, *Texas Jurisprudence* updated the above oft-quoted description of the *in pari materia*

doctrine, but the new description still clearly showed that the doctrine was applicable to a

comparison between statutes only.[7] The most recent update of *Texas Jurisprudence* makes that point

---

[7] *See* 67 TEX. JUR. 3d *Statutes* § 133 (2003):

> In construing a statute, whether or not the statute is considered ambiguous on its face, a court may consider among other matters laws on the same subjects. Statutes which involve the same general subject matter and also possess the same general purpose are "in pari materia" even though the statutes may fail to contain any reference in one to the other and even though the statutes may have been passed at different times or at different legislative sessions.

> In order to arrive at a proper construction of a statute, and determine the exact legislative intent, all acts and parts of acts dealing with the same subject and having the same purpose will, therefore, be taken and read together, each enactment in reference to the other, as though they were parts of one and the same law. Thus, two statutes that are in pari materia are to be construed together, each enactment in reference to the other, as though they were part of one and the same law; any conflict between their provisions will be harmonized, if possible, and effect will be given to all the provisions of each act if they can be made to stand together and have concurrent efficacy.

> The rule proceeds on the supposition that several statutes relating to one subject are governed by one spirit and policy, and are intended to be consistent and harmonious in their several parts and provisions. Where one statute deals with a subject in general terms, and another [statute] deals with a part of the same subject in a more detailed way, the two should be harmonized if possible; however, if there is any conflict, the latter will prevail, regardless of whether it was passed prior to the general statute, unless it appears that the legislature intended to make the general act controlling.

> Although subsequent enactments may be some evidence of the legislature's intent in a prior version of a statute, courts should give little weight to such subsequent enactments in interpreting the prior law.

(Citations omitted.)

even clearer, expressly stating that "'[p]ara materia,' which *applies only if two statutes* have the same purpose or object, provides that where one statute deals with a subject in general terms, and another deals with a part of the same subject in a more detailed way, the two should be harmonized if possible; but if there is any conflict, the latter will prevail." 67 TEX. JUR. 3d *Statutes* § 133 (Supp. 2008) (emphasis added) (citations omitted).

In short, all the cases and treatises on the subject appear to be in consensus that the doctrine of *in pari materia* is applicable only to a comparison of statutes. This is understandable considering that the purpose of the doctrine is to harmonize the different provisions of the law passed by the same governmental entity: the legislature. *Burke*, 28 S.W.3d at 546 ("The rule of in pari materia is nothing more than a principle of statutory interpretation, a means of devining (sic) and giving full effect to legislative intent") (quoting *Mills*, 722 S.W.2d at 413); *Cheney*, 755 S.W.2d at 126 ("The doctrine of *pari materia* is, simply put, a principle of statutory interpretation. It is a rule courts may use in determining the intent of the Legislature in enacting a particular statute or statutes."). But no such justification exists for applying the *in pari materia* doctrine to a statute and a court-made rule, each of which is created by a different branch of government for its own particular purposes.[8] Indeed, it would be like comparing apples and oranges to apply the doctrine to two such diverse legal

---

[8]The Legislature passes the laws which are then applicable to all persons in a given jurisdiction. In contrast, the rules of civil procedure (applicable to the present case since Rule 13, the rule at issue, is a rule of civil procedure) are made by the Texas Supreme Court and are applicable only to the litigants in a case. *See* Tex. R. Civ. P. 1 (Objective of Rules):

> The proper objective of rules of civil procedure is to obtain a just, fair, equitable and impartial adjudication of the rights of litigants under established principles of substantive law. To the end that this objective may be attained with as great expedition and dispatch and at the least expense both to the litigants and to the state as may be practicable, these rules shall be given a liberal construction.

sources.

*Conclusion*

The court of appeals in the present case applied the *in pari materia* doctrine to determine whether Penal Code Section 37.10(a)(5) or Rule of Civil Procedure 13 controlled appellee's case. In light of our research, however, we hold that the *in pari materia* doctrine is not applicable to the present case. This accords with the basic purpose of the doctrine: to harmonize different provisions enacted by the same legal source, i.e., the legislature. However, we are reluctant to say that the court of appeals erred by applying the doctrine in the present case because this appears to be a case of first impression (in which a party has asked the courts to apply the doctrine to such diverse legal sources: a statute and a court-made rule) and the court of appeals did not have the benefit of our holding today. Because the court of appeals still reached the correct result by holding that the statute and the rule are not *in pari materia*, we affirm the judgment of that court.

DELIVERED: MAY 7, 2008.

PUBLISH