**Affirmed and Opinion filed August 21, 2014.**



In The

# Fourteenth Court of Appeals

NO. 14-13-00333-CR
NO. 14-13-00334-CR

**NICHOLAS JARED MIRELES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 176th District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 1281111 & 1288900**

## O P I N I O N

Appellant pleaded guilty in a consolidated trial to one count of intoxication manslaughter and one count of intoxication assault. The jury recommended four years' imprisonment on the first count and seven years' community supervision on the second. The trial court entered judgment accordingly, along with a stacking order providing that appellant could not begin his community supervision until he had completed his term of imprisonment. The only question on appeal is whether

the trial court erred by not ordering the community supervision to run concurrently with the prison sentence.

## Standard of Review

We review a trial court's stacking order for an abuse of discretion. *See Beedy v. State*, 194 S.W.3d 595, 597 (Tex. App.—Houston [1st Dist.] 2006), *aff'd*, 250 S.W.3d 107 (Tex. Crim. App. 2008); *Harvey v. State*, 821 S.W.2d 389, 392 (Tex. App.—Houston [14th Dist.] 1991, pet. ref'd). A trial court abuses its discretion when it fails to apply the law correctly or when no reasonable view of the record could support the trial court's decision. *See Nicholas v. State*, 56 S.W.3d 760, 764 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd).

A trial court's authority to stack is provided by statute. When interpreting a statute, we apply a de novo standard of review, mindful that our primary objective is to ascertain and give effect to the intent of the legislature. *See Nguyen v. State*, 359 S.W.3d 636, 641–42 (Tex. Crim. App. 2012). We focus on the literal text of the statute, applying the plain and ordinary meaning of the words that have been used, unless doing so yields an absurd result. *See* Tex. Gov't Code § 311.011; *Ex parte Ervin*, 187 S.W.3d 386, 388 (Tex. Crim. App. 2005). If the statute is clear and unambiguous, we must presume that the legislature meant what it expressed. *See Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991).

## The Current Statutes

Two statutes govern the trial court's authority to stack. The first is Article 42.08 of the Texas Code of Criminal Procedure, which provides as follows:

> When the same defendant has been convicted in two or more cases, judgment and sentence shall be pronounced in each case in the same manner as if there had been but one conviction. Except as provided by Sections (b) and (c), in the discretion of the court, the judgment in the second and subsequent convictions may either be that the sentence

2

imposed or suspended shall begin when the judgment and the sentence imposed or suspended in the preceding conviction has ceased to operate, or that the sentence imposed or suspended shall run concurrently with the other case or cases, and sentence and execution shall be accordingly . . . .

When the exceptions are considered,[1] Article 42.08 effectively provides the trial court with three distinct options: (1) the court may impose sentences of confinement to be served either concurrently or consecutively; (2) the court may suspend sentences of confinement and order periods of community supervision to be served either concurrently or consecutively; or (3) the court may impose a sentence, suspend another sentence, and order the suspended sentence to run either concurrently with the imposed sentence or after the imposed sentence has ceased to operate.

The second statute, Section 3.03 of the Texas Penal Code, contains special stacking rules when the defendant is convicted of multiple offenses in a consolidated trial. In pertinent part, Section 3.03 provides as follows:

(a) When the accused is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action, a sentence for each offense for which he has been found guilty shall be pronounced. Except as provided by Subsection (b), the sentences shall run concurrently.

(b) If the accused is found guilty of more than one offense arising out of the same criminal episode, the sentences may run concurrently or consecutively if each sentence is for a conviction of:

(1) an offense:

(A) under Section 49.07 [intoxication assault] or 49.08 [intoxication manslaughter], regardless of whether the accused is convicted of violations of the same section

---

[1] Section (b) of Article 42.08 requires stacked sentences for certain inmate offenders. Section (c) states that a trial court may not stack a prison sentence on top of a period of community supervision; the prison sentence must always be imposed first.

more than once or is convicted of violations of both sections . . . .

Under the plain language of Section 3.03(a), a court must order a defendant's sentences to run concurrently when the defendant has been convicted of more than one offense in a consolidated trial. Section 3.03(b) restores the trial court's discretion to stack sentences, even when the offenses are tried together, if the resulting convictions involve certain enumerated offenses, such as intoxication assault and intoxication manslaughter.

## The History of the Statutes

When Article 42.08 was first enacted in 1965, it only gave the trial court the discretion to stack a defendant's "punishment."[2] The Court of Criminal Appeals construed this language narrowly in 1986 when, in *Green v. State*, it held that punishment did not include community supervision, and that a trial court did not have the authority to stack a probated sentence under the statute. *See* 706 S.W.2d 653, 657–58 (Tex. Crim. App. 1986).

The legislature amended Article 42.08 in response to *Green* by deleting all references to "punishment" and replacing them with "sentence imposed or

---

[2] The original text stated as follows:

> When the same defendant has been convicted in two or more cases, and the punishment assessed in each case is confinement in an institution operated by the Department of Corrections or the jail for a term of imprisonment, judgment and sentence shall be pronounced in each case in the same manner as if there had been but one conviction, except that in the discretion of the court, the judgment in the second and subsequent convictions may either be that the punishment shall begin when the judgment and sentence in the preceding conviction has ceased to operate, or that the punishment shall run concurrently with the other case or cases, and sentence and execution shall be accordingly.

Act effective Jan. 1, 1966, 59th Leg., R.S., ch. 722, 1965 Tex. Gen. Laws 317, 486–87.

suspended." *See* Act effective Aug. 31, 1987, 70th Leg., R.S., ch. 513, § 1, 1987 Tex. Gen. Laws 2125, 2125. In its amended form, which is still in effect today, the statute plainly applies to community supervision. *See Pettigrew v. State*, 48 S.W.3d 769, 772 (Tex. Crim. App. 2001) (stating that the legislature amended Article 42.08 to "broaden a trial court's ability to stack sentences by affording the option of stacking periods of community supervision").

When Section 3.03 was enacted in 1973, it contained virtually the same language as the current Section 3.03(a), but without any exceptions. *See* Act effective Jan. 1, 1974, 63d Leg., R.S., ch. 399, sec. 3.03, 1973 Tex. Gen. Laws 883, 891. No exceptions were added to Section 3.03 when Article 42.08 was amended in 1987. The first exception provision, Section 3.03(b), did not arrive until 1995, and it applied only in a narrow circumstance: when the defendant was convicted of more than one count of intoxication manslaughter. *See* Act effective Sept. 1, 1995, 74th Leg., R.S., ch. 596, § 1, 1995 Tex. Gen. Laws 3435, 3435. In 2005, the legislature expanded on this provision by including intoxication assault among the list of enumerated offenses subject to the exception. *See* Act effective Sept. 1, 2005, 79th Leg., R.S., ch. 527, § 1, 2005 Tex. Gen. Laws 1429, 1429.

### *In Pari Materia*

When two statutes address the same general subject, they are considered as being *in pari materia. See State v. Vasilas*, 253 S.W.3d 268, 271 (Tex. Crim. App. 2008). All acts and parts of acts *in pari materia* must be read and construed together as though they were parts of one and the same law, even if they were enacted at different times. *Id.* Whenever possible, we must harmonize any conflict between the two statutes so that each is given effect. *Id.* at 272. If the statutes are irreconcilable, then we must apply the more "special" statute as an exception to the general one. *See* Tex. Gov't Code § 311.026.

Article 42.08 and Section 3.03 are *in pari materia* because they both govern the trial court's authority to order concurrent or consecutive sentences. *See Barrow v. State*, 207 S.W.3d 377, 380 (Tex. Crim. App. 2006) ("[T]he Texas Legislature has assigned the decision to cumulate, *vel non*, in Section 3.03 of the Penal Code and Article 42.08 of the Code of Criminal Procedure, to the trial court."). Although they have their differences, the two statutes do not irreconcilably conflict. Article 42.08 is the more general statute, describing the trial court's broad authority to stack, regardless of whether the defendant was convicted in separate trials or in a consolidated trial. Section 3.03 is the more "special" of the two, applying specifically when sentences are imposed for more than one conviction obtained in a consolidated trial. In those circumstances, Section 3.03(a) operates as a limitation on the trial court's broad discretion, unless an exception applies under Section 3.03(b). *See LaPorte v. State*, 840 S.W.2d 412, 415 (Tex. Crim. App. 1992) ("The trial court's general authority under Article 42.08, V.A.C.C.P., to order consecutive sentences is statutorily limited by Section 3.03 whenever a single criminal action arising out of the same criminal episode occurs . . . .").

### The Arguments of the Parties

Appellant asserts that Section 3.03(a) applies to the exclusion of Article 42.08 because both of his convictions were obtained in a consolidated trial. Appellant then argues that the trial court could not stack his community supervision on top of his sentence under the authority of Section 3.03(b) because that exception provision only uses the word "sentence." Appellant compares this term with the language of Article 42.08, which uses "sentence imposed or suspended." Citing *Green v. State* and other authorities, appellant argues that community supervision is not a sentence and that Section 3.03(b) does not apply.

6

The State agrees that Section 3.03 governs the outcome of this case, but the State focuses on Section 3.03(b) rather than Section 3.03(a). During oral argument, the State asserted that we should interpret Section 3.03(b) as applying to periods of community supervision because trial judges and other criminal practitioners have always understood the statute to operate in that manner. We are not aware of any cases since 1973, when Section 3.03 was first enacted, to state otherwise and expressly hold that the statute does *not* apply to community supervision. The State accordingly argues that the trial court's judgment should be affirmed because the court had the discretion to stack appellant's community supervision under the exception of Section 3.03(b).

## Analysis

We begin with the State's argument, which contends that the word "sentence" under Section 3.03 should be construed to include community supervision. The State argues that "sentence" should have this expansive definition because the *in pari materia* doctrine instructs us to incorporate Article 42.08 in our reading of Section 3.03. Assuming without deciding that this argument is correct, the trial court would have no discretion under Section 3.03(a) but to order a defendant's sentences, including any periods of community supervision, to run concurrently unless an exception applied. An exception would apply in this case because both of appellant's convicted offenses are enumerated in Section 3.03(b). Thus, if we were to accept the State's position, then we would affirm the trial court's stacking order under the plain terms of Section 3.03(b).[3]

---

[3] At least one other intermediate appellate court has construed Section 3.03(b) to apply to periods of community supervision, though its opinion is unpublished and has no precedential value. *See* Tex. R. App. P. 47.7(a); *Gonzalez v. State*, Nos. 04-08-00156-CR, 04-08-00157-CR, & 04-08-00158-CR, 2009 WL 222159, at *1 (Tex. App.—San Antonio Jan. 28, 2009, pet. ref'd) (mem. op., not designated for publication).

Appellant asserts that "sentence" does not have this expansive definition. He cites decisions from the Court of Criminal Appeals, which exclude community supervision from the definition of this term. Appellant directs us to *Green v. State*, wherein the court noted that community supervision (or "probation") has never been defined or regarded as a type of "punishment" or "sentence." *See* 706 S.W.2d at 656. He also cites *Speth v. State*, in which the court plainly held that "community supervision is not a sentence or even a part of a sentence." *See* 6 S.W.3d 530, 532 (Tex. Crim. App. 1999). Rather, it is "an arrangement *in lieu of* the sentence." *Id.*

Appellant attempts to limit the application of Section 3.03(b) so that Section 3.03(a) controls instead. But if appellant is correct that Section 3.03(b) does not encompass community supervision, then appellant cannot also maintain that Section 3.03(a) is controlling. Both provisions refer to "sentences" without ever mentioning community supervision or sentences that are "suspended." We must presume that the legislature chose its words carefully, recognizing that every word in a statute was included for some purpose and that every word excluded was omitted for a purpose. *See Ex parte Santellana*, 606 S.W.2d 331, 333 (Tex. Crim. App. 1980). When two provisions contain parallel language—in this case, "sentences"—we cannot reasonably conclude that one provision applies to community supervision while the other does not. Appellant's argument is flawed to suggest otherwise.

During oral argument, appellant asserted that the legislature intended for "sentences" to have different meanings under Sections 3.03(a) and 3.03(b) because of a textual difference between the two provisions. Appellant asserted that the term was broader under Section 3.03(a) because that provision requires the sentence for each offense to be "pronounced."

The pronouncement is just the oral statement of the sentence, which must be communicated to the defendant in open court. *See* Tex. Code Crim. Proc. art. 42.03; *Ex parte Madding*, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002). We do not believe that the act of pronouncing converts a "sentence" into a broader term encompassing community supervision. If a trial court grants community supervision, the court pronounces the community supervision as a *suspension* of the sentence. *See Kesaria v. State*, 148 S.W.3d 634, 644 (Tex. App.—Houston [14th Dist.] 2004) ("[C]ommunity supervision is the suspension of the sentence received by the defendant at trial."), *aff'd*, 189 S.W.3d 279 (Tex. Crim. App. 2006). Thus, we do not construe the pronouncement language in Section 3.03(a) as providing any textual basis for expanding the meaning of "sentence."

If "sentence" does not include community supervision, as appellant vigorously argues, then we cannot perceive how Section 3.03 would ever apply to his case. By default, the trial court's authority to stack would be governed by Article 42.08.[4] Based on the language of that statute, the trial court's stacking order cannot be said to be an abuse of discretion.

---

[4] Professors Dix and Schmolesky have suggested that a trial court always has the discretion to stack periods of community supervision under Article 42.08 because community supervision is not a "sentence" within the meaning of Section 3.03. Consider their following explanation:

> May the trial court cumulate community supervision terms for multiple convictions achieved in a single criminal action? The Code of Criminal Procedure gives the court discretion to cumulate probation terms provided that the total of the terms in a felony case does not exceed 10 years. In a misdemeanor case involving at least one DWI conviction, the total of the terms cumulated may not exceed the maximum period of confinement authorized for all the offenses or four years whichever is less. In all other misdemeanor cases, the total of the terms may not exceed the maximum period of confinement for all the offenses or three years whichever is less.
> There is no reason why these same rules should not apply when multiple convictions are achieved in the same criminal action because it is the community supervision terms that are being cumulated, *not the sentences.* Therefore, if a jury in a single criminal action were to give probation for two felony convictions, the

## Conclusion

We need not decide which theory is correct in this case, appellant's or the State's. Both arguments are premised on notions that ultimately lead to a conclusion that the trial court did not abuse its discretion by entering its stacking order. Therefore, we overrule appellant's sole issue and affirm the judgment of the trial court.


/s/    Tracy Christopher
              Justice

Panel consists of Justices Christopher, Jamison, and McCally.

Publish — Tex. R. App. P. 47.2(b).

---

trial court should be authorized under these rules to make those terms concurrent or to "stack" them for a total of up to 10 years' community supervision.

George E. Dix & John M. Schmolesky, Texas Practice Series: Criminal Practice and Procedure § 38:38 (3d ed. 2011) (footnotes omitted) (emphasis added).