ACCEPTED
14-15-00175-CR
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
8/7/2015 3:41:30 PM
CHRISTOPHER PRINE
CLERK

## NOS. 14-15-00174-CR & 14-15-00175-CR

## IN THE FOURTEENTH COURT OF APPEALS

## HOUSTON, TEXAS

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
8/7/2015 3:41:30 PM
CHRISTOPHER A. PRINE
Clerk

## WILLIAM CODY THOMPSON, APPELLANT
## V.
## THE STATE OF TEXAS, APPELLEE

## BRIEF FOR THE STATE OF TEXAS

## CAUSE NUMBERS 13CR2837 & 13CR2838
## IN THE 56th JUDICIAL DISTRICT COURT
## OF GALVESTON COUNTY, TEXAS

ATTORNEYS FOR THE STATE OF TEXAS

REBECCA KLAREN      ASSISTANT CRIMINAL DISTRICT ATTORNEY
     STATE BAR NO. 24046225

JACK ROADY      CRIMINAL DISTRICT ATTORNEY

600 59TH STREET, SUITE 1001
GALVESTON TX 77551
(409) 770-6004, FAX (409) 621-7952
rebecca.klaren@co.galveston.tx.us

**ORAL ARGUMENT WAIVED**

# IDENTITY OF PARTIES AND COUNSEL

Presiding Judge                                                 Honorable Lonnie Cox

Appellant                                                       William Cody Thompson

Appellee                                                        The State of Texas

Attorney for Appellant                                          Angela Taylor

    (Trial Only)                           League City, Texas

Attorney for Appellant                                          James Ducote

    (Appeal Only)                          League City, Texas

Attorney for State                                              Adam Poole & Megan Jones

    (Trial Only)                           Galveston, Texas

Attorney for State                                              Rebecca Klaren

    (Appeal Only)                          Galveston, Texas

# TABLE OF CONTENTS

**SECTION**                                                                                                **PAGE**

Identity of Parties and Counsel                                                        ii

Table of Contents                                                                          iii

Index of Authorities                                                                       iv

Summary of the Argument                                                            2

Statement of Facts                                                                         2

Sole Issue                                                                                        6

      Penal Code §3.03, Code of Criminal Procedure article 42.08, and the case law provide trial courts with the discretion to stack a child pornographer's sentences.

      How's there reversible error when Thompson was convicted of two counts of possession of child pornography and the law allows the Trial Court to order Thompson's sentences to run consecutively?

      Argument and Authorities                                                         6

Conclusion and Prayer                                                                    10

Certificate of Service                                                                       11

Certificate of Compliance                                                               11

# INDEX OF AUTHORITIES

**CASES**

*Beedy v. State*, 194 S.W.3d 595, 597 (Tex. App.---Houston [1st Dist.] 2006, *aff'd*, 250 S.W.3d 107 (Tex. Crim. App. 2008))..........................................................6

*Boykin v. State,* 818 S.W.2d 782, 785 (Tex. Crim. App. 1991)......................................7

*Ex parte Ervin,* 187 S.W.3d 386, 388 (Tex. Crim. App. 2005). .....................................6

*Green v. State*, 706 S.W.2d 653 (Tex. Crim. App. 1986) ..............................................8

*Medina v. State*, 7 S.W.3d 876, 878-79 (Tex. App.---Houston [1st Dist.] 1999, no pet.) .9

*Mireles v. State,* 444 S.W.3d 679, 680 (Tex. App.---Houston [14th Dist.] 2014, pet. ref'd)................................................................................................. 6, 8, 9

*Nguyen v. State,* 359 S.W.3d 636, 641-42 (Tex. Crim. App. 2012). ................................6

*Pettigrew v. State,* 48 S.W.3d 769, 772 (Tex. Crim. App. 2001) ..................................8, 9

*Tran v. State,* 221 S.W.3d 79, 90 (Tex. App.---Houston [14th Dist.] 2005, pet. ref'd)....6

**STATUTES**

TEX. CRIM. PROC. CODE art. 42.08. ........................................................................8, 9

TEX. GOV'T CODE §311.011...................................................................................6

TEX. PENAL CODE §3.03(b)(3)(A)..........................................................................7, 9

TEX. PENAL CODE §43.26 .......................................................................................7

NOS. 14-15-00174-CR & 14-15-00175-CR

IN THE

COURT OF APPEALS

FOR THE

FOURTEENTH DISTRICT OF TEXAS

HOUSTON, TEXAS

WILLIAM CODY THOMPSON, Appellant
V.
THE STATE OF TEXAS, Appellee

Appealed from the 56th Judicial District
Court of Galveston County, Texas
Cause Nos. 13CR2837 & 13CR2838

BRIEF FOR THE STATE OF TEXAS

TO THE HONORABLE COURT OF APPEALS:

Now comes Jack Roady, Criminal District Attorney for Galveston County, Texas,

and files this brief for the State of Texas.

The one-volume Clerk's Record for each cause number is referred to in the State's Brief as "C.R. 2837: page" or "C.R. 175: 2838". The Reporter's Record is multiple volumes and is referred to as "R.R. volume number: page".

## SUMMARY OF THE ARGUMENT

In his sole issue, William Thompson argues he's entitled to a new punishment hearing because the Trial Court couldn't stack his two possession of child pornography sentences. Thompson relies on outdated cases. The Penal Code, the Code of Criminal Procedure, and the case law vest the trial court with the discretion to order a child pornographer's sentences to run consecutively or concurrently. Here, the Trial Court committed no error when it ordered Thompson to serve his 10 year confinement sentence before serving 10 years of probation.

## STATEMENT OF FACTS

The Internet Crimes Against Children Task Force (ICAC) investigates peer-to-peer transfers of child pornography.[1] The investigators have specialized software that allow them to search child pornography downloaders within a specific area.[2] The investigators are able to determine the internet service provider and the subscriber information.[3] The investigators can see what the suspect is downloading and can confirm the files are on the suspect's shared folder.[4] The investigators then get a search warrant for the suspect's house and seize his computers or devices capable of storing

---

[1] R.R. III: 13-14.
[2] R.R. III: 18.
[3] R.R. III: 19.
[4] R.R. III: 21.

child pornography.[5]

ICAC began its investigation on Thompson in September 2013.[6] They served their search warrant for Thompson's house in October 2013.[7] The officers seized a laptop and several hard drives.[8]

One of the investigators testified even if someone was able to steal Thompson's Wi-Fi, it was not possible for that person to download child pornography to Thompson's computer.[9] The digital forensics officer examined Thompson's laptop and hard drives.[10] The officer found 1,489 images and 780 videos of child pornography on Thompson's laptop.[11] The officer found 354 videos of child pornography on a hard drive.[12] The officer found 6 images and 213 videos of child pornography on another hard drive.[13]

The digital forensics officer testified that there were files created and accessed from 2011 until the day before the search warrant was executed.[14] The officer explained the images were saved in several locations on the drives.[15] He testified this was significant because some of the saved locations were not the default locations for the

---

[5] R.R. III: 26-27.
[6] R.R. III: 24.
[7] R.R. III: 24-25, 29.
[8] R.R. III: 35-38.
[9] R.R. III: 43-44.
[10] R.R. III: 75.
[11] R.R. III: 79.
[12] R.R. III: 79-80.
[13] R.R. III: 80.
[14] R.R. III: 83.
[15] R.R. III: 84.

peer-to-peer software.[16]

The digital forensics officer provided several search terms he found on Thompson's computer and hard drive.[17] They included: "Copia. Sandra Nude, Jena 12YO, or 12 years old; Real and Photo by Carl; Mafia Sex Kids, girls; Equal Copia; and New Star Diana."[18] The officer recognized several of the terms and explained Photo by Carl is a series of child pornography.[19]

The digital forensics officer testified State's Exhibit 1 has two videos from one of Thompson's hard drives.[20] The first file was titled "PTHC three-year-old Majorie."[21] The officer testified based on his training and experience "PTHC" means preteen hard core.[22] He also testified that based on his training and experience the video appeared to be of a child younger than 18 and was child pornography.[23] The second file was titled "PTHC, pedoland, frifam, baby shimd, two-year-old slave play, black mask 002."[24] The officer testified he's seen "pedoland" on other images of child pornography.[25] The officer testified that based on his training and experience the video was of a child younger than 18 and was child pornography.[26]

---

[16] R.R. III: 84.
[17] R.R. III: 87.
[18] R.R. III: 87.
[19] R.R. III: 87-88.
[20] R.R. III: 90; State's Exhibit 1.
[21] R.R. III: 90.
[22] R.R. III: 90-91.
[23] R.R. III: 91.
[24] R.R. III: 91.
[25] R.R. III: 91-92.
[26] R.R. III: 92.

The jury convicted Thompson of 2 counts of possession of child pornography.[27]

During the punishment phase of the trial, the Trial Court admitted a military judgment showing Thompson had been convicted of assault and of possession of child pornography.[28]

Thompson testified during punishment.[29] He asked the jury for probation.[30] He claimed when he got the devices, they already had child pornography on them.[31] He admitted he could've stopped the child pornography from downloading if he wanted to, but he didn't.[32] He admitted he looked at the child pornography, but he was surprised every time he opened a file.[33]

The jury sentenced Thompson to 10 years confinement in one case and 10 years confinement with a recommendation that the sentence be probated in the other case.[34] The State requested the sentences run consecutively.[35] Over Thompson's objection,[36] the Trial Court stacked his sentences.[37]

This appeal followed.

---

[27] R.R. III: 127-28.
[28] R.R. III: 129, 132; State's Exhibit 14.
[29] R.R. III: 169.
[30] R.R. III: 191.
[31] R.R. III: 193.
[32] R.R. III: 194.
[33] R.R. III: 194-95.
[34] R.R. IV: 36-37.
[35] R.R. IV: 39.
[36] R.R. IV: 40.
[37] R.R. V: 3.

**SOLE ISSUE**

**Penal Code §3.03, Code of Criminal Procedure article 42.08, and the case law provide trial courts with the discretion to stack a child pornographer's sentences.**

**How's there reversible error when Thompson was convicted of two counts of possession of child pornography and the law allows the Trial Court to order Thompson's sentences to run consecutively?**

## ARGUMENT AND AUTHORITIES

An appellate court generally reviews a trial court's decision to stack a defendant's sentences for an abuse of discretion.[38] When the law authorizes the imposition of consecutive sentences, the trial court has absolute discretion to stack the sentences.[39] But a trial court abuses its discretion if it fails to apply the law correctly.[40]

A trial court's authority to stack is provided by statute.[41] When interpreting a statute, the appellate court applies a de novo standard of review, mindful that its primary objective is to ascertain and give effect to the intent of the legislature.[42] The appellate court focuses on the literal text of the statute, applying the plain and ordinary meaning of the words that have been used, unless doing so yields an absurd result.[43] If the statute

---

[38] *Mireles v. State,* 444 S.W.3d 679, 680 (Tex. App.---Houston [14th Dist.] 2014, pet. ref'd).

[39] *Tran v. State,* 221 S.W.3d 79, 90 (Tex. App.---Houston [14th Dist.] 2005, pet. ref'd).

[40] *Mireles,* 444 S.W.3d at 680.

[41] *Beedy v. State,* 194 S.W.3d 595, 597 (Tex. App.---Houston [1st Dist.] 2006, *aff'd,* 250 S.W.3d 107 (Tex. Crim. App. 2008)).

[42] *See Nguyen v. State,* 359 S.W.3d 636, 641-42 (Tex. Crim. App. 2012).

[43] *See* TEX. GOV'T CODE §311.011; *Ex parte Ervin,* 187 S.W.3d 386, 388 (Tex. Crim. App. 2005).

is clear and unambiguous, the appellate court must presume that the legislature meant what it expressed.[44]

The Penal Code provides that if the defendant is found guilty of more than one offense arising out of the same criminal episode, the sentences may run concurrently or consecutively if each sentence is for a conviction under Penal Code §43.26—the possession of child pornography statute.[45] The Texas Code of Criminal Procedure authorizes a trial court to order consecutive sentences when a defendant is convicted in two or more cases, as follows:

> (a.) When the same defendant has been convicted in two or more cases, judgment and sentence shall be pronounced in each case in the same manner as if there had been but one conviction. Except as provided by Sections (b) and (c) of this article, in the discretion of the court, the judgment in the second and subsequent convictions may either be that the sentence imposed or suspended shall begin when the judgment and the sentence imposed or suspended in the preceding conviction has ceased to operate, or that the sentence imposed or suspended shall run concurrently with the other case or cases, and sentence and execution shall be accordingly; provided, however, that the cumulative total of suspended sentences in felony cases shall not exceed 10 years, and the cumulative total of suspended sentences in misdemeanor cases shall not exceed the maximum period of confinement in jail applicable to the misdemeanor offenses, though in no event more than three years, including extensions of periods of community supervision under Section 22, Article

---

[44] *See Boykin v. State,* 818 S.W.2d 782, 785 (Tex. Crim. App. 1991).
[45] TEX. PENAL CODE §3.03(b)(3)(A) (sentences for offenses arising out of same criminal episode statute); TEX. PENAL CODE §43.26 (possession or promotion of child pornography statute).

42.12, of this code, if none of the offenses are offenses under Chapter 49, Penal Code, or four years, including extensions, if any of the offenses are offenses under Chapter 49, Penal Code.

. . .

(c.)     If a defendant has been convicted in two or more cases and the court suspends the imposition of the sentence in one of the cases, the court may not order a sentence of confinement to commence on the completion of a suspended sentence for an offense.[46]

Thompson argues that *Green v. State* interprets article 42.08 to hold a community supervision sentence cannot be stacked on a term of confinement.[47] Thompson's argument ignores the fact that the Legislature intentionally amended article 42.08 after *Green* by deleting all references to "punishment" and replacing them with "sentence imposed or suspended."[48] This Court concluded that the plain terms of §3.03 and article 42.08 grant the trial courts discretion to stack a community supervision sentence on a term of confinement sentence.[49]

Thompson was convicted of possessing child pornography in two cases.[50] Both cases have the same date of offense.[51] Both convictions arise from the same Internet

---

[46] TEX. CRIM. PROC. CODE art. 42.08.

[47] Thompson's brief p. 15-17 (citing *Green v. State*, 706 S.W.2d 653 (Tex. Crim. App. 1986)).

[48] *Mireles,* 444 S.W.3d at 681-82 (citing Act effective Aug. 31, 1987, 70th Leg., R.S., ch. 513, § 1, 1987 Tex. Gen. Laws 2125, 2125; *Pettigrew v. State,* 48 S.W.3d 769, 772 (Tex. Crim. App. 2001) (stating that the legislature amended Article 42.08 to "broaden a trial court's ability to stack sentences by affording the option of stacking periods of community supervision")).

[49] *Mireles,* 444 S.W.3d at 683.

[50] R.R. III: 127-28.

[51] C.R. 2837: 7 (indictment date of offense October 17, 2013); C.R. 2838: 6 (indictment date of offense October 17, 2013).

Crimes Against Children Task Force investigation and search warrant.[52] Under the Penal Code,[53] the Code of Criminal Procedure,[54] and the case law,[55] the Trial Court did not abuse its discretion by stacking Thompson's 10 year community supervision sentence on his 10 year prison sentence.

Thompson's sole issue should be overruled.

---

[52] R.R. III: 13, 24-25, 26-27, 29, 31, 38-41, 75, 79-83, 87, 90-92.
[53] TEX. PENAL CODE §3.03(b)(3)(A).
[54] TEX. CRIM. PROC. CODE art. 42.08.
[55] *See Pettigrew,* 48 S.W.3d at 772; *Mireles,* 444 S.W.3d at 683; *Medina v. State*, 7 S.W.3d 876, 878-79 (Tex. App.---Houston [1st Dist.] 1999, no pet.) (holding appellant's reliance on *Green v. State* overlooks the Legislature's amendment to article 42.08 in 1987 specifically allowing cumulation of community supervision sentences).

## CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, the State prays that the judgment of the Trial Court be affirmed in all respects.

Respectfully submitted,

JACK ROADY
CRIMINAL DISTRICT ATTORNEY
GALVESTON COUNTY, TEXAS


/s/ *Rebecca Klaren*

REBECCA KLAREN
Assistant Criminal District Attorney
State Bar Number 24046225
600 59th Street, Suite 1001
Galveston, Texas 77551
Tel (409)770-6004/Fax (409)621-7952
rebecca.klaren@co.galveston.tx.us

## CERTIFICATE OF SERVICE

The undersigned Attorney for the State certifies a copy of the foregoing brief was sent via email, eFile service, or certified mail, return receipt requested, to James Ducote, attorney for William Cody Thompson, at james@ducotelawfirm.com or 3027 Marina Bay Dr. Suite 110, League City, Tx 77573, on August 7, 2015.

*/s/ Rebecca Klaren*
REBECCA KLAREN
Assistant Criminal District Attorney
Galveston County, Texas

## CERTIFICATE OF COMPLIANCE

The undersigned Attorney for the State certifies this brief is computer generated, and consists of 1,851 words.

*/s/ Rebecca Klaren*
REBECCA KLAREN
Assistant Criminal District Attorney
Galveston County, Texas