Martha Hill Jamison, Justice
In one issue, appellant Mike Desir challenges the trial court's denial of his motion seeking to quash the indictment against him for tampering with governmental records under section 37.10 of the Penal Code. He asserts that his conviction is barred under the doctrine of in pari materia because the offense for which he was indicted is more specifically described in another statute with a lesser range of punishment, section 548.6035 of the Transportation Code, involving "Fraudulent Emissions Inspections of Motor Vehicle[s]." We conclude that the trial court did not have sufficient information to determine based on the face of the indictment whether sections 37.10 and 548.6035 were in pari materia . Accordingly, we affirm the judgment of the trial court.
The doctrine of in pari materia is a settled rule of statutory construction concerning statutes that deal with the same general subject, have the same general purpose, or relate to the same person or thing or class of persons or things, even when such statutes contain no reference to one another and even though they were passed at different times or during different sessions of the legislature. Azeez v. State , 248 S.W.3d 182, 191 (Tex. Crim. App. 2008). All acts and parts of acts in pari materia must be read and construed together, and any conflicts must be harmonized when possible. Id. at 192. However, when general and more detailed statutes are in conflict, the latter will prevail unless it appears that the legislature intended for the more general act to prevail. Id. (citing Tex. Gov't Code § 311.026 ).[1]
Under section 37.10, in relevant part:
(a) A person commits an offense if he:
*867 (1) knowingly makes a false entry in, or false alteration of, a governmental record;
(2) makes, presents, or uses any record, document, or thing with knowledge of its falsity and with intent that it be taken as a genuine governmental record; [or]
(5) makes, presents, or uses a governmental record with knowledge of its falsity[.]
Tex. Penal Code § 37.10(a)(1)-(2), (5). The offense is a second degree felony when the actor intended to defraud or harm another and the governmental record was, among other things, a "license, certificate, permit, ... or similar document issued by government, by another state, or by the United States ...." Id. § 37.10(c)(2)(A).[2]
Under section 548.6035, in relevant part:
(a) A person commits an offense if, in connection with a required emissions inspection of a motor vehicle, the person knowingly:
(1) submits information to the [government's] inspection database stating that a vehicle has passed the applicable inspections or issues a passing vehicle inspection report, if:
(A) the vehicle does not meet the emissions requirements established by the department; or
(B) the person has not inspected the vehicle;
(2) manipulates an emissions test result;
(3) uses or causes to be used emissions data from another motor vehicle as a substitute for the motor vehicle being inspected; or
(4) bypasses or circumvents a fuel cap test.
Tex. Transp. Code § 548.6035(a). On a finding that the person committed an offense defined above and "acted with the intent to defraud or harm another person," the offense is a state jail felony. Id. § 548.6035(d).
We review the trial court's ruling on a motion to quash an indictment de novo. State v. Moff , 154 S.W.3d 599, 601 (Tex. Crim. App. 2004). Appellant moved to dismiss the indictment in a motion entitled "Plea in Bar/Motion to Dismiss," which we construe as a motion to quash the indictment. See Neal v. State , 117 S.W.3d 301, 305 (Tex. App.-Texarkana 2003) ("[A] court should look to a motion's content rather than its title to determine its nature."), rev'd on other grounds , 150 S.W.3d 169 (Tex. Crim. App. 2004). The trial court denied the motion, and appellant pleaded guilty.
The State argues that the trial court did not err in denying the motion to quash the indictment because the indictment does not reveal on its face the nature of the governmental record at issue. For the following reasons, we agree.
The Austin Court of Appeals has held that when a defendant challenges an indictment on the basis of in pari materia before an evidentiary record has been developed, a trial court may quash the indictment only if it raises the in pari materia issue on its face.
*868 State v. Allen , 346 S.W.3d 713, 716 (Tex. App.-Austin 2011, pet. ref'd) ; see also Ex parte Smith , 185 S.W.3d 887, 889, 893 (Tex. Crim. App. 2006) (noting indictment for aggravated assault that did not mention more specific crime of hazing was "valid on its face"). Likewise, the Court of Criminal Appeals has held that when the charging instrument was unobjectionable on its face, it was only after the State's evidence disclosed the statutory provisions purportedly at issue that the basis for an in pari materia challenge became manifest. See Azeez, 248 S.W.3d at 194.
The indictment reads: "[Appellant] ... did ... unlawfully, knowingly make a false entry in a governmental record, namely, TEXAS INFORMATION MANAGEMENT SYSTEM RECORD, attached hereto as Exhibit A, and the actions of [appellant] were done with the intent to defraud and harm another." Exhibit A, a database spreadsheet, is attached to the indictment and is entitled, "Texas Information Management System." The print on Exhibit A is too small to read without enlarging it, but the exhibit includes data indicating that appellant was the inspector for a vehicle inspection and that the vehicle passed the inspection. Although the indictment reveals that appellant was charged with making a false entry in a governmental record involving vehicle inspections, the indictment is not limited on its face to a governmental record involving vehicle emissions inspections; however, section 548.6035 applies only to vehicle emissions inspections. Tex. Transp. Code § 548.6035. It is impossible to tell from the indictment, including Exhibit A, whether the State intended to present evidence at trial that appellant falsified a vehicle emissions inspection report or another type of vehicle inspection report.
Conclusion . The State's indictment does not show on its face that appellant was being charged with falsifying a vehicle emissions inspection report. Appellant pleaded guilty before the State presented evidence regarding what type of vehicle inspection was at issue in this case. We conclude that the trial court did not have sufficient information to determine that sections 37.10 and 548.6035 are in pari materia under these circumstances. See Allen , 346 S.W.3d at 721. Accordingly, we cannot conclude from our review of the indictment that appellant was prosecuted under the wrong statutory provision for falsifying a vehicle emissions inspection report.[3] We overrule appellant's issue on appeal.
We affirm the judgment of the trial court.
Kem Thompson Frost Chief Justice, Concurring
CONCURRING OPINION
Presuming for the sake of argument that the indictment sufficiently alleges violations of Penal Code section 37.10 and Transportation Code section 548.6035, the trial court did not err in denying appellant Mike Desir's motion to quash the indictment because the statutes are not in pari materia .
When two statutes address the same general subject, the law considers them as being in pari materia .[1] The doctrine of in pari materia commands that in construing a statute, and determining legislative intent, *869 courts take, read, and construe together "all acts and parts of acts in pari materia ," each enactment in reference to the other, as though they were parts of one and the same law.[2] Whenever possible, the court must harmonize any conflict between two statutes to give effect to each.[3] If the statutes irreconcilably conflict, then the more detailed enactment will prevail.[4] In the context of penal provisions, statutes are in pari materia "where one provision has broadly defined an offense, and a second has more narrowly hewn another offense, complete within itself, to proscribe conduct that would otherwise meet every element of, and hence be punishable under, the broader provision."[5] When a general statute and a specific statute both proscribe the conduct, the defendant should be charged under the more specific statute.[6] But, the rule of in pari materia does not apply to enactments that cover different situations and that the legislature did not intend to be considered together.[7]
Courts consider four non-exclusive factors in determining whether the statutes are in pari materia :
(1) Penalties : whether the statutes involve different penalties;
(2) Placement : whether the legislature placed the statutes in the same legislative act;
(3) Proof: -whether the statutes require the same elements of proof; and
(4) Purpose: -whether the legislature intended to achieve the same purpose or objective in enacting the statutes.[8]
Under Penal Code section 37.10, entitled "Tampering with Governmental Record," in relevant part:
(a) A person commits an offense if [the person]:
(1) knowingly makes a false entry in, or false alteration of, a governmental record;
(2) makes, presents, or uses any record, document, or thing with knowledge of its falsity and with intent that it be taken as a genuine governmental record; [or]
(5) makes, presents, or uses a governmental record with knowledge of its falsity[.][9]
Under Transportation Code section 548.6035, entitled "Fraudulent Emissions Inspection of Motor Vehicle," in relevant part:
(a) A person commits an offense if, in connection with a required emissions inspection of a motor vehicle, the person knowingly:
(1) submits information to the [government's] inspection database stating that a vehicle has passed the applicable inspections or issues a passing vehicle inspection report, if:
*870 (A) the vehicle does not meet the emissions requirements established by the department; or
(B) the person has not inspected the vehicle;
(2) manipulates an emissions test result;
(3) uses or causes to be used emissions data from another motor vehicle as a substitute for the motor vehicle being inspected; or
(4) bypasses or circumvents a fuel cap test.[10]
Analysis of In Pari Materia Factors
An offense under section 37.10 of the Penal Code is a second-degree felony, whereas an offense under section 548.6035 of the Transportation Code is a state jail felony.[11] Because the two statutes provide different penalties, the first factor weighs in favor of finding the statutes in pari materia . The second factor weighs against finding the statutes in pari materia because the statutes are not contained within the same legislative act.[12] Likewise, the third factor also weighs against in pari materia because the statutes do not require the same elements of proof. An offense under section 37.10 requires proof of a false government record.[13] A person could commit an offense under any subsection of section 548.6035 without falsifying a government record.[14] A person violates section 548.6035(a)(1) if the person issues a passing vehicle inspection report, even if the person does not make a false government record.[15] Offenses under subsections 548.6035(a)(2),(3), or (4) do not involve a government record.[16] Penal Code section 37.10 and Transportation Code section 548.6035 differ in their elements of proof, so the third factor points away from the statutes being in pari materia .[17] Though both statutes implicate dishonest conduct, the forbidden conduct under section 37.10 relates to deceptively creating or using government records while the forbidden conduct under section 548.6035 is manipulating or misreporting vehicle emissions inspections.[18] This court has recognized section 37.10's broad purpose of "preventing the harmful effects caused by false government records" and concluded that section 37.10 was not in pari materia with a narrower record-keeping statute designed to deter resale of stolen auto parts.[19] Because the two statutes have different purposes, the fourth factor weighs against finding the statutes in pari materia .[20] Though the first factor favors an in pari materia finding, the remaining factors-two, three, and four-all weigh *871 against finding the statutes in pari materia .
Although the statutes prescribe different punishments, an offense under section 548.6035 is not a more narrowly drawn offense that is necessarily punishable under section 37.10.[21] Section 37.10 is not in pari materia with section 548.6035.[22]
The trial court did not err in denying appellant's motion to quash the indictment.

Under section 311.026 of the Government Code :
(a) If a general provision conflicts with a special or local provision, the provisions shall be construed, if possible, so that effect is given to both.
(b) If the conflict between the general provision and the special or local provision is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later enactment and the manifest intent is that the general provision prevail.
Tex. Gov't Code § 311.026.

Appellant argues he was convicted under Penal Code section 37.10(d)(3), but that subsection applies only to certain forms of proofs of liability insurance not applicable here. Tex. Penal Code §§ 37.01(2)(D), 37.10(d)(3). The State contends that appellant was convicted under section 37.10(c)(2)(A), which we presume for purposes of our analysis, as both parties agree that appellant was convicted of a second degree felony. Id. § 37.10(c)(2)(A). The State charged appellant with knowingly making a false entry in a governmental record "with the intent to defraud and harm another."

In reaching this conclusion, we do not hold that a defendant may never bring an in pari materia challenge before the State presents evidence. Looking to this particular indictment, however, it is impossible to tell from its face whether appellant was being charged with falsifying a vehicle emissions inspection report.

Mireles v. State , 444 S.W.3d 679, 682 (Tex. App.-Houston [14th Dist.] 2014, pet. ref'd).

State v. Vasilas , 253 S.W.3d 268, 271 (Tex. Crim. App. 2008).

See ids="10002198" index="15" url="https://cite.case.law/sw2d/902/187/#p190">id. at 271-72 ; Mireles , 444 S.W.3d at 682.

Jones v. State , 396 S.W.3d 558, 562 (Tex. Crim. App. 2013).

Id. at 561.

Cheney v. State , 755 S.W.2d 123, 126 (Tex. Crim. App. 1988).

Id.

Burke v. State , 28 S.W.3d 545, 547 (Tex. Crim. App. 2000) ; Dixon v. State , 455 S.W.3d 669, 680 (Tex. App.-Houston [1st Dist.] 2015, pet. ref'd).

Tex. Penal Code Ann. § 37.10(a) (West, Westlaw through 2017 1st C.S.).

Tex. Transp. Code Ann. § 548.6035(a) (West, Westlaw through 2017 1st C.S.).

See Tex. Penal Code § 37.10(c)(2)(A) ; Tex. Transp. Code § 548.6035(d).

Compare Act of June 17, 2011, 82nd Leg., R.S., ch. 1202, § 6, 2011 Tex. Sess. Law Serv. (West) (codified at Tex. Transp. Code § 548.6035(a)with Act of June 14, 1973, 63rd Leg., R.S., ch. 399, 883, 948 (codified at Tex. Penal Code § 37.10 ).

See Tex. Penal Code § 37.10.

See Tex. Transp. Code Ann. § 548.6035.

Id. § 548.6035(a)(1).

Id. § 548.6035(a)(2)-(4).

Dixon v. State , 455 S.W.3d 669, 680 (Tex. App.-Houston [1st Dist.] 2015, pet. ref'd).

See Mills v. State , 722 S.W.2d 411, 415 (Tex. Crim. App. 1986) (determining statute's purpose and objective by considering conduct forbidden by statute); Dixon , 455 S.W.3d at 680 (same).

State v. Kinkle , 902 S.W.2d 187, 190 (Tex. App.-Houston [14th Dist.] 1995, no pet.).

See ids="10002198" index="32" url="https://cite.case.law/sw2d/902/187/#p190">id.

See Dixon , 455 S.W.3d at 680, Kinkle , 902 S.W.2d at 190.

See Kinkle, 902 S.W.2d at 190.