

# IN THE
# TENTH COURT OF APPEALS

## No. 10-19-00228-CR

CALEB JAKE GIPSON,

                                                **Appellant**

 **v.**

THE STATE OF TEXAS,

                                                **Appellee**

---

### From the 12th District Court
### Madison County, Texas
### Trial Court No. 12896

---

## MEMORANDUM OPINION

---

The jury convicted Caleb Gipson in Count 1 of the offense of harassment and assessed punishment at 15 years confinement and a $10,000 fine. The jury convicted Gipson in Count 2 of the offense of retaliation and assessed punishment at 15 years confinement and a $10,000 fine. We affirm.

In the first issue, Gipson argues that the trial court erred in failing to render judgment that the sentences in each count would run concurrently with respect to the cases tried together. On January 14, 2016, Gipson was convicted in Gregg County in Cause No. 44514-A. While incarcerated for that offense, Gipson had a disciplinary hearing. At the conclusion of the hearing, he spit at the correctional officer striking him in the face. That incident led to his indictment and conviction for the offenses of harassment and retaliation.

The judgment in trial court Cause Number 12,896 Count One for the offense of harassment states that the sentence "shall run consecutive to Cause No. 44514-A in the 188th District Court of Gregg County, Texas dated January 14, 2016." The judgment in trial court Cause Number 12, 896 Count Two for the offense of retaliation states that the sentence "shall run consecutive to Cause No. 44514-A in the 188th District Court of Gregg County, Texas dated January 14, 2016." There is no order that the sentences in the two counts in Cause No. 12, 896 run consecutive with each other. Gipson contends that the judgments do not comply with Article 42.01 of the Texas Code of Criminal Procedure.

Article 42.01 Section 1 (19) provides that the judgment shall reflect, "[t]he terms of any order entered pursuant to Article 42.08 that the defendant's sentence is to run cumulatively or concurrently with another sentence or sentences." TEX. CODE CRIM. PROC. ANN. § 42.01 § 1(19) (West Supp. 2019). Article 42.08 provides that:

> If a defendant is sentenced for an offense committed while the defendant was an inmate in the Texas Department of Criminal Justice and serving a sentence for an offense other than a state jail felony and the defendant has not completed the sentence he was serving at the time of the offense, the judge shall order the sentence for the subsequent offense to commence immediately on completion of the sentence for the original offense.

TEX. CODE CRIM. PROC. ANN. § 42.08 (b) (West 2018). Gipson specifically complains that the judgments do not comply with Article 42.01 Section 1 (19) because they do not clearly state that the sentences in Count 1 and Count 2 run concurrently with each other.

Where an accused is sentenced in a number of causes on the same day the sentences run concurrently unless the trial court, by order, expressly makes cumulative the several punishments. *Ex parte Applewhite*, 729 S.W.2d 706, 708 (Tex. Crim. App. 1987). The trial court ordered that Count 1 run consecutively to the original sentence from Gregg County and that Count 2 run consecutively to the original sentence form Gregg County. Because there is not an express order that the cumulates the punishments in Count 1 and Count 2 run, those punishments run concurrently with each other. The judgments comply with Article 42.01 Section 1 (19). We overrule the first issue.

### ASSESSMENT OF FINES

In the second issue, Gipson argues that the trial court erred in assessing fines in both counts arising out of the same criminal episode and tried in the same proceeding. Gipson contends that by assessing a $10,000 fine in both judgments, the judgment in Count 2 resulted in the fines being cumulated contrary to the holding in *State v. Crook*, 248 S.W.3d 172 (Tex. Crim. App. 2008). In *State v. Crook*, the Court of Criminal Appeals

held that the concurrent sentences provision of Section 3.03(a) applies to the entire sentence, including fines. *State v. Crook*, 248 S.W.3d at 177.

Where an accused is sentenced in a number of causes on the same day the sentences run concurrently unless the trial court, by order, expressly makes cumulative the several punishments. *Ex parte Applewhite*, 729 S.W.2d at 708. The trial court did not expressly order the sentences in Count 1 and Count 2 to run consecutively. Therefore, the fine in Count 1 runs concurrently with the fine in Count 2. We overrule the second issue.

CONCLUSION

We affirm the trial court's judgment.

JOHN E. NEILL<br>Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Neill
Affirmed
Opinion delivered and filed January 8, 2020
Do not publish
[CR25]

